## CHARLES LUPPY et al. v. STATE.

No. A-2881.   Opinion Filed March 19, 1918.

(171 Pac. 347.)

1.   NEW TRIAL—Newly Discovered Evidence—Diligence.   An application for a new trial on the ground of newly discovered evidence will be denied where the record shows that defendants knew of the absent witness long before trial, and did not exercise due diligence to obtain his presence at the trial or to take his deposition.

2.   SAME—Self-Incriminating Testimony.   An application for a new trial on the ground of newly discovered evidence should be denied where it appeared that the testimony sought would incriminate the absent witness himself, since he could not be compelled to testify.

*Appeal from County Court, Washington County; Robert D. Waddill, Judge.*

Charles Luppy and William E. Rogers were convicted of unlawfully transporting intoxicating liquors in Washington county, Okla., and sentenced to pay a fine of $150, and to serve 30 days in the county jail, and they appeal. Affirmed.

*Charlton & Farrell,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   No brief has been filed nor oral argument made in behalf of plaintiffs in error.   This case is submitted on the record.   We find the information sufficient to support a charge of unlawfully transporting

intoxicating liquors. While the evidence is conflicting, that upon the part of the state sufficiently supports the allegations of the information. No exceptions were taken to any of the instructions given by the court. After an examination of same, we find that they correctly state the law, and are as favorable to the defendants as their defense would warrant.

The application for a new trial on the ground of newly discovered evidence is without merit, because it is apparent from this record that the defendants knew of the absent witness long before they were tried, and did not exercise due diligence either to obtain his presence at the trial or to take his deposition, and also that, if such person had been produced as a witness, he could not have been made to testify to facts or circumstances which would tend solely to incriminate himself, and the affidavit shows that the facts which were expected to be proved by said witness were such as would fasten the guilt for the alleged crime upon him.

After a careful examination of the record, we find no error sufficient to justify a reversal of this judgment, and said judgment of conviction is therefore affirmed.