## JAMES BEVEL v. STATE.

No. A-4590. Opinion Filed Feb. 28, 1925.
Rehearing Denied April 11, 1925.
(234 Pac. 653.)

(Syllabus.)

1. **New Trial—Newly Discovered Evidence—Lack of Due Diligence.** It is a lack of due diligence for an accused to wait until the eve of the trial to procure process for his witnesses.

2. **Larceny—Discrepancy as to Age of Stolen Steer Held not Material Variance.** Where an information alleges the theft of a yearling roan steer, and the proof shows a two year old-roan steer, the variance is not fatal.

Appeal from District Court, Comanche County; A. S. Wells, Judge.

James Bevel was convicted of larceny of live stock, and he appeals. Affirmed.

C. R. Reeves, for plaintiff in error.

EDWARDS, J. The record discloses that on the night of the 3d day of December, 1921, the plaintiff in error, with another, committed theft of a steer, on the federal reserve in Comanche county, belonging to one Wilson, and butchered it, and, as they attempted to leave the reservation, were arrested with the beef in their possession. According to the evidence of the state, plaintiff in error claimed the beef as his, and shortly thereafter the officers returned to the reserva-

tion, where the hide of the steer in question was found hidden under some brush and leaves, with the "brand" cut out. The theory of the defense was that the plaintiff in error was in the employ of one Homer McDaniel, and believed McDaniel was the owner of the steer in question.

Various assignments of error are presented. First, that the court erred in instruction No. 3 in defining the elements constituting larceny; second, that the court erred in instruction No. 8, in that same was not warranted by the evidence, and was in conflict with instruction No. 6; third, that the court erred in the exclusion of evidence, and that there is a variance between the proof and the information; fourth, error of the court in overruling the motion for a new trial on the ground of newly discovered evidence; fifth, misconduct of counsel for the state in argument and in propounding questions to the witnesses.

No complaint is made as to the sufficiency of the information. No exceptions to the instructions appear in the record. The plaintiff in error's objection to instruction No. 3, if available, would be erroneous if taken alone, but, taken in connection with instruction No. 8, in which the jury are told the essential elements necessary to be found in order to return a verdict of guilty, we think there is no merit in this connection. The instructions taken as a whole are free from any substantial error.

The information charges the plaintiff in error with stealing one roan yearling steer. Plaintiff in error contends that there is a variance as the proof shows that the steer in question was not a yearling steer, but was a two year old. But, admitting that the animal in question was two years old, we think that would not be such a variance as would prejudice the plaintiff in error. It

is further contended that at the time the case went to trial plaintiff in error was informed by a deputy sheriff that certain of his witnesses had been subpoenaed, but that they in fact had not been subpoenaed, and plaintiff in error was deprived of their evidence. A praecipe for a subpoena for these witnesses was filed on October 9th for their attendance October 11th, and subpoena was issued on the 9th; it appears to have been served on the 11th. A party should not wait until the eve of the trial to have subpoena issued for his witnesses. No application for continuance was made. We have examined the record as to the purported testimony of these witnesses, and, if admissible at all, the evidence is not of sufficient importance to warrant a reversal of this case.

In the course of the trial the plaintiff in error was asked on cross-examination if he had before been convicted of stealing, and admitted that he had. This line of questioning and reference to it by the county attorney in his argument to the jury, as well as a reference to the covering of the hide with leaves, is urged as error. This was not erroneous under the record.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.