### JESSE J. BROOKS v. STATE.

No. A-4743.    Opinion Filed May 2, 1925.
(235 Pac. 560.)

(Syllabus.)

1. **Intoxicating Liquors—Evidence Sustaining Conviction for Transporting.** Evidence examined and found sufficient to sustain the verdict and judgment.

2. **New Trial—Newly Discovered Evidence—Lack of Diligence.** An accused is not entitled to a new trial on the ground of newly discovered evidence, unless due diligence was used to discover the evidence in the first instance.

Appeal from County Court, Greer County; Jarrett Todd, Judge.

Tom Brooks was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

Jesse J. Todd and Percy Powers, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J.. The plaintiff in error was convicted in the county court of Greer county on a charge of transporting whisky, and sentenced to pay a fine of $50 and to serve 30 days in the county jail. In his brief, three assignments of error are made: First, that the verdict of the jury is not supported by the evidence; second, that the court erred in forcing the defendant to trial without allowing him time to procure counsel; third, error in overruling the motion for a new trial on the ground of newly discovered evidence.

The record shows that on January 6, 1922, a Ford car drove up near the light plant at Mangum and two persons got off carrying a jar, and two persons in the car drove away. Some officers were watching the car and attempted to stop it, but did not succeed. The two occupants, both of whom were in the front seat, managed at that time to escape, and were not arrested until the next day, but while the officers were in pursuit of the car three jars were thrown out, one of which was broken, and the two others, one a quart and one a half gallon, were secured; all contained corn whisky. The plaintiff in error was the driver of the car. The evidence on the part of the state was ample to sustain the verdict and judgment. The defendant did not testify and offered no evidence.

The second contention that the defendant was forced into trial without having the opportunity to confer with counsel is not sustained by the record. The offense occurred on January 6, 1922. The case was called for trial on October 23, 1922. A continuance was granted on the application of the plaintiff in error, and the case was tried on February 19, 1923. No application for a further continuance appears in the record. There is nothing in this assignment.

The further assignment that the plaintiff in error should have had a new trial on the ground of newly discovered evidence is not tenable. It is based on an affidavit of H. C. Davis, who states that he was one of the occupants of the car at the time they drove into Mangum, and that the occupants of the car were carrying whisky, but that the plaintiff in error Brooks did not know of such fact.

To say that one charged with transporting whisky had used due diligence to ascertain evidence material in his defense, and had not interrogated a person who was his companion at the time, and did not know what his testimony would be until after the trial had closed, does not make such a showing of diligence as to carry serious consideration. It would appear that the most perfunctory effort to procure evidence in his behalf would be to interrogate his companions at the time, if he did not know what their evidence would be, and his failure to do so is not diligence.

The affidavit of H. L. Neighbors, also attached to motion for new trial, throws no light on the transaction. He merely states that he saw the car driven by the plaintiff in error at the time in question, and the officers in pursuit, and did not learn until the next day who was driving the car.

Finding no substantial error, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.