### ARTHUR VINCE GOODIN v. STATE.

No. A-8456. Dec. 16, 1932.
(17 Pac. [2d] 521.)

J. J. Smith, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Ottawa county of the crime of burglary in the second degree, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of one year and six months.

Defendant first contends that the information is insufficient to state an offense. This contention is without merit.

It is next contended that the court erred in overruling defendant's motion to advise the jury to find defendant not guilty because of the insufficiency of the evidence.

Section 2063, C. O. S. 1921, provides:

"Any person who breaks and enters in the daytime or in the nighttime, either:

"First. Any building within the curtilage of a dwelling house, but not forming a part thereof; or

"Second. Any building or any part of any building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

Under the second subdivision of this section, one of the ingredients of the offense is that property is kept in the building. There is an utter failure of proof upon this point. The county attorney asked the owner of the laundry:

"Q. During the month of January, 1931, did you have any property in this laundry?"

Objection was made by defendant's counsel to this question and overruled by the court, but the question was never answered, and there is no evidence in the record to show that any property was kept in the building.

Upon failure to make this proof, there was insufficient evidence to support the verdict. The court therefore erred in overruling defendant's motion to direct the jury to return a verdict of not guilty. For this reason, the cause is reversed and remanded.

DAVENPORT, P. J., and EDWARDS, J., concur.