Bobby Earl STARK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16221.

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

Rehearing Denied April 30, 1971.

Robert E. Walker, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., James Gullett, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Bobby Earl Stark, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was

fixed at thirty (30) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that the evening of April 25, 1970, Charlotte Manek looked out the window of their club and saw someone lying in the back seat of her car, apparently digging at something. She told her husband who went outside and scuffled with the person. Tommy Manek testified that he observed the defendant in the back seat of his car with his feet hanging out the door. He pulled the defendant from the car and struck him. The defendant ran and was then caught and held until the police arrived. He testified that there were two jackets and a water pump in the back seat and that the box containing the water pump was laying on the ground near the open door. On cross-examination, he testified that he did not smell alcohol on the defendant, but did not know if he was drunk.

The defendant did not testify in the first stage, nor was any evidence presented in his behalf.

In the second stage, the two former convictions were stipulated and the defendant testified that he had been convicted of the two crimes alleged in the Information. On cross-examination, the prosecuting attorney attempted to go into other convictions.

The first two propositions contend that the trial court erred in refusing to grant a new trial on the basis of newly discovered evidence and that his court-appointed attorney failed to call certain defense witnesses. At the hearing on the Motion for New Trial, the defendant's present counsel presented the testimony of Tommie George who stated she was with the defendant an hour prior to his arrest and that in her opinion he was drunk. It was further brought out that Miss George was present at the trial, but was not called as a witness. The defendant's court-appointed attorney testified that he had discussed

with the defendant the theory of defense of intoxication and was informed the possible witnesses were not available. He testified that he was not informed by the defendant that Miss George was available as a witness, nor were any subpoenas issued. He advised the defendant it would not be wise to testify because of his prior record.

In the case of Walters v. State, Okl. Cr., 403 P.2d 267, we stated in the ninth paragraph of the Syllabus:

"Where evidence is urged by defendant on a motion for new trial on the ground the same is newly discovered, it must be established that the same, if existing at the time of trial, could not have been procured before trial by the exercise of due diligence, and failure to do so constitutes a bar to a new trial on such ground. Title 22 O.S.A. § 952."

█ In the instant case there is a complete lack of diligence in obtaining the procurement of the witnesses. One witness was present at the trial and the defendant's attorney was not informed by the defendant of her possible testimony. The defense attorney was also informed the other witnesses were not available. We are of the opinion that the records reflect that the Public Defender represented the defendant to the best of his professional ability and did an excellent job in protecting his statutory and constitutional rights. We find this proposition to be without merit.

█ The next proposition alleges that the verdict is not sustained by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. Bryant v. State, Okl. Cr., 478 P.2d 907.

█ The defendant's final two propositions assert that the trial court erred in not declaring a mistrial because of the

prosecutor's reference in his closing argument concerning a former conviction not listed on the Information, and that the punishment is excessive. We are of the opinion that these propositions contain merit. In the second stage of the proceeding, the defendant stipulated to the two former convictions alleged in the Information and was then called to the stand for the sole purpose of admitting that he had been convicted of the two offenses. The prosecuting attorney attempted to cross-examine him concerning other offenses, over the objection of the defendant. In the State's closing argument the prosecutor made repeated references to the defendant's four convictions, clearly for the purpose of enhancing the punishment, rather than effecting his credibility. We can arrive at no other conclusion than that this improper argument could have no other effect but to prejudice the jury. We, therefore, are of the opinion that in the interest of justice, the judgment and sentence should be modified to twenty (20) years imprisonment, and as so modified, Affirmed.

Modified and affirmed.

NIX and BRETT, JJ., concur.

Rehearing Denied April 30, 1971.