**Eugene STUMBLINGBEAR and Johnny Haury, Jr., Plaintiffs in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17127.**

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiffs in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Eugene Stumblingbear and Johnny Haury, Jr., hereinafter referred to as defendant Stumblingbear and defendant Haury, were charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Assault and Battery with a Deadly Weapon with Intent to Kill; their punishments were fixed at eight (8) years imprisonment, and ·from said judgments and sentences, a timely appeal has been perfected to this Court.

At the trial, Gregory Jones testified that on the evening of October 2, 1970, he and Gary Swan, along with Bobby Martin and a girl, went to the McKinley Park in Oklahoma City at approximately 11:30 p. m. While they were at the swings, three persons approached them, two of whom Jones identified in court as defendants Stumblingbear and Haury. After some conversation, Jones and his companions started to leave. After they had gone about thirty feet, a beer bottle was thrown, and the other group started cursing and a "lot of guys started coming out of the trees," and Stumblingbear came at Jones with a bottle. Jones ran for help.

Gary Swan testified that he was with Greg Jones, Bobby Martin, and Twila Ethridge that night at the park. While they were at the swings, a group of three males and four girls appeared, two of the males being defendants Stumblingbear and Haury. After some conversation, Swan and his companion started to leave. The beer bottle was thrown, and someone put a knife on Swan and demanded his billfold. Swan observed defendants Stumblingbear and Haury and a third person beating and kicking Bobby Martin. Defendant Stumblingbear had a beer bottle, and defendant Haury had a knife. The three then left Bobby and approached Swan, one saying, "Do you want a blade, man?" Greg Jones ran in front of him with someone chasing him. Swan ran to a service station and called the police.

Bobby Martin testified that he was with Jones, Swan, and Twila Ethridge on the evening in question, and that while at the swings in the park, they were approached by defendants Stumblingbear and Haury, and some other persons. After some conversation, Martin and his companions started to leave. A beer bottle was thrown, and Martin was confronted by one Bobby Lee Dean, who struck him. Dean called for others, and defendant Stumblingbear, defendant Haury, and two others surrounded Martin. They all started hitting and kicking him. Sometime during the struggle, he was stabbed three times in the right side and sliced in the stomach. His wallet was taken from his pocket, and his wrist watch was cut from his wrist. He did not know who stabbed him.

Twila Ethridge testified that she was with Jones, Swan, and Martin at the park. While Martin was being attacked, some of the girls attacked Twila, and she could not identify any of the ones attacking Martin.

For the defense, Emily Redbird, age 16, testified that she was at the park that night with Karen Harjo, Sandra Wilson, Amy Coonhead, Bobby Dean, defendants Stumblingbear and Haury, and some others. She heard someone scream, and ran down near the swing and saw defendant Stumblingbear and others fighting. She slapped defendant Stumblingbear, who then moved away. She pulled defendant Haury off someone he was fighting. She testified that Kotcha Doonkeen was the person that stabbed Martin.

Defendant Stumblingbear testified that he was at the park that night and had talked with Martin and his friends. Kotcha Doonkeen started a fight with Martin, and shouted defendant Stumblingbear's name. Defendant Stumblingbear went down the hill to the scene to back up Kotcha. He kicked Martin, and started to kick him again, when his niece, Emily Redbird, slapped him and told him to behave. He heard some sirens, and took off. He denied having a knife or a beer bottle.

Defendant Haury testified that he was at the park that evening and was involved in a fight. He struck someone several times, but did not know with whom he was fighting. He denied having a knife, or any other type weapon. He also testified that Kotcha started the fight.

In rebuttal, Sandra Wilson testified that she was at the park that evening with the defendants and others, that Kotcha started the fight with Martin, and was joined in the fight by the two defendants and Bobby Dean. During the scuffle, she observed a flash of something which she thought was a knife.

The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts, Jones v. State, 468 P.2d 805 (Okl.Cr.1970).

The final proposition contends that the punishment is excessive. Suffice it to say that from the foregoing statement of facts, we cannot conscientiously say that the punishment imposed shocks the conscience of this Court.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

BRETT, J., concurs.