Herman Clay BENNETT, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17294.

Court of Criminal Appeals of Oklahoma.

March 15, 1972.

Don Anderson, Public Defender, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Herman Clay Bennett, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Veola McCoy testified she lived at 420 Northeast Sixth Street in Oklahoma City, Oklahoma, and on July 3, 1971, about 7:58 a. m. she was awakened by a loud noise. She went to the back of the house and saw the defendant entering her back door. Defendant was a next door neighbor and she had known him approximately ten (10) years. The back door had been locked, the spring was pulled off and the kitchen door broken. Upon confronting him, the defendant ran back toward his house. She called the police, who arrested the defendant a short time later. The previous morning someone had broken into the same door and certain items of personal property had been taken.

Officer Pool testified he answered a call that morning, talked to Mrs. McCoy, saw the broken back door and screen door, and arrested the defendant who was pointed out by Mrs. McCoy. Pool had entered defendant's house from the back and discovered defendant on the front porch. He talked with defendant there and defendant then went in his house, put on some more clothes, and went back out, whereupon Pool arrested him.

For the defense, Barbara Fields testified that she was defendant's mother and lived next door to Mrs. McCoy. She lived in a downstairs apartment, and her daughter, Alta Duncan, lived in the upstairs apartment. The morning in question, Mrs. Fields admitted the police officer and sent him upstairs. She and another daughter followed, and the defendant was in the upstairs apartment.

Betty Bennett testified she was a sister of defendant and lived at home with her mother. She remembered the policeman coming that morning. She followed the officer upstairs where he awakened the defendant and arrested him.

Stephanie Morrison testified that she spent the night of July 2, 1971, at the upstairs apartment of Alta Duncan in company with the defendant, Alta and others. They were playing records and dancing. The defendant eventually went to sleep in the bedroom and was awakened by a policeman who arrested him for burglary. Defendant did not leave the apartment prior to the arrest.

Alta Duncan's testimony did not differ substantially from that of the witness, Morrison, except that she testified that defendant did not go to sleep in the bedroom but rather slept on a couch in the front room.

Defendant testified he spent the night in question at his sister's upstairs apartment, where he, Stephanie and Betty played records and danced all night. He went to sleep about 2:00 or 3:00 in the morning but was unable to recall whether he slept on a couch or in the bedroom, as he had been drinking. He denied burglarizing or entering Mrs. McCoy's house. He admit-

ted a previous conviction for Unauthorized Use of a Motor Vehicle.

■ Defendant's first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum provided by law.

In conclusion we observe the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.