Richard **LYONS**, Appellant,

v.

**The STATE of Oklahoma**, Appellee.

No. F–73–251.

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1973.

Rehearing Denied Dec. 4, 1973.

William A. Vassar, Chandler, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Joe Crosthwait, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Richard Lyons, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Lincoln County, Case No. CRF-72-42, for the offense of Burglary in the Second Degree in violation of 21 O.S.1971, § 1435. He was sentenced to serve a term of two (2) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

At the trial the State produced evidence showing that either on the night of April 12, 1973, or in the early morning hours of April 13, 1973, a storage room of the J & M Leasing Company, located in the City of Stroud, Lincoln County, State of Oklahoma, was broken into and entered. Although there was no substantial showing that anything was taken from that room, there was evidence that property (such as tires, tape decks, tapes and other automobile accessories) was stored therein.

The State called five witnesses, each of them an employee of J & M Leasing Company. Three of those witnesses testified that late on the evening in question they had observed the defendant on the premises. In addition, Joe G. Dodson testified that he was the night dispatcher for the company, that he had left at approximately midnight on April 12 and that the door to the storage room was closed and locked at the time he left.

James Miller testified that he was part owner of J & M Leasing Company. He stated that when he arrived at work the morning of April 13, 1973, he learned from an employee, Marshall H. Sullinger, that the door to the storage area had been forced and the lock on it broken. He stated that after calling the police to report the matter, he and Mr. Sullinger initiated a private investigation by discussing the matter with Gene Johnson, the night watchman at the company. As a result of that discussion, Gene Johnson brought the defendant, his half-brother, to them to discuss the matter of the break-in. Mr. Miller, Mr. Sullinger and Mr. Dodson were all present at the ensuing conversation with the defendant. They each testified, in substance, that the defendant told them that he had broken the lock and entered the storeroom and that he was "looking for stereos" at the time. The defendant also told them that if he were given four hours, he would be able to return certain property to them.

The defense called as its first witness Gene Johnson, a half-brother of the defendant, and the night watchman of the premises burglarized. He testified that he was present at the conversation between the defendant and the State's witnesses. He stated that the defendant did not admit breaking the lock at that conversation. This witness also related how he had accompanied the defendant to the residence of one Wade Wallace for the purpose of obtaining a stereo which had been stolen from the parking lot of the J & M Leasing Company, and how this attempt had failed.

On cross-examination of this witness, the State pursued this line of questioning regarding several alleged thefts from automobiles in that parking lot. In response to a question by the prosecutor, the witness denied having implicated his half-brother, the defendant, in those thefts.

The defense then called Richard Lyons, the defendant, as a witness in his own behalf. He testified, in substance, that he did not break the lock on the door, that the lock was already ajar and that he had only looked into the room. He stated that when he was accused of breaking into the room, he had denied doing so.

The defendant was found guilty of Burglary in the Second Degree, which is described by 21 O.S.1971, § 1435:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree."

The defendant first contends that the evidence presented by the State was not sufficient to prove the requisite elements of that statute because it failed to show: 1) that property was kept in the room burglarized; 2) that anything was actually stolen; and, 3) that the defendant had the requisite specific intent.

We have carefully examined the transcript of evidence in this case and are of the opinion that the evidence of each element of the crime was sufficient to support the verdict of the jury.

As authority for his position, the defendant cites Goodin v. State, 54 Okl.Cr. 223, 17 P.2d 521 (1932) in which this Court reversed a conviction for second degree burglary for the reason that there was no evidence that the building burglarized had contained property. The defendant correctly states that the presence of property in the premises burglarized is an element of the crime of second degree burglary to be proved by the State like any other element. In the instant case, however, this element was sufficiently proved. The record is replete with testimony that the portion of the building burglarized was used as a storeroom for automobile parts and accessories. James Miller testified that he had ascertained that property was missing from that room but that he could not pinpoint the time when it had been taken. In addition, two witnesses testified that in admitting that it was he who had broken the lock and entered that room, the defendant stated that he had observed "a lot of goodies" in the room, but had not taken any of them. Gene Johnson, a defense witness, stated that the room contained tires and gauges.

It is the act of forcible entry with the intent to steal or to commit any felony which is essential to the offense of second degree burglary. While the fact that property was stolen after a breaking and entering is, of course, admissible as evidence from which it may be inferred that the intent to steal existed at the time of the entry, it is well settled that an actual stealing is not an element of the crime of burglary. Smith v. State, Okl.Cr., 347 P.2d 232 (1959). When it is shown that one accused of burglary broke in and entered the premises in the nighttime, it may ordinarily be presumed that he did so with the intent to steal. Ryans v. State, Okl. Cr., 420 P.2d 556 (1966); Garrett v. State, Okl.Cr., 350 P.2d 983 (1960). In addition, in the instant case, several of the State's witnesses testified that the defendant had stated that he was "looking for stereos."

We are of the opinion that the evidence of specific intent was sufficient to justify the submission of this case to the jury. While the defendant, testifying in his own behalf, denied that he had admitted breaking and entering the building to look for stereos, and offered the explanation that he had merely found the door already ajar and had done no more than look

into the room, the matter of the credibility of this witness and that of the witnesses for the State was one for the jury to weigh and determine. In a case wherein the record contains competent evidence from which the jury could reasonably and properly conclude that the defendant was guilty as charged, this Court will not interfere with the verdict even though there be a sharp conflict in the evidence, since it is the exclusive province of the jury to weigh the evidence and determine the facts at issue. Bennett v. State, Okl.Cr., 495 P.2d 413 (1972); Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

In his second proposition the defendant urges that "the actions of the district attorney in attempting to prove the defendant guilty of a crime for which he was not charged and which was not connected to the crime charged was prejudicial and constituted reversible error."

The specific testimony of which the defendant complains was elicited during the cross-examination of the defense witness, Gene Johnson. The record reveals the following exchange:

"Q. You knew that they had disappeared from some cars on that lot, did'nt you?

"A. Yes, Marshall told me that—

"THE COURT: Don't say what somebody told you.

"Q. As a matter of fact, you told them who took those things, didn't you?

"A. I told them who took the tape player.

"Q. You told them that it was Wade Wallace and Ricky Lyons, didn't you?

"A. No."

When defense counsel objected and moved for a mistrial upon the basis of that testimony, the court in ruling thereon stated:

"THE COURT: Objection overruled, this witness opened it up on direct examination about the tape player and the State has a right to cross examine him." (Tr. 52)

In the case of Rapp v. State, Okl.Cr., 418 P.2d 357 (1966), this Court adopted the statement found in 98 C.J.S. Witnesses § 378, pp. 134–135:

"As a general rule, any matter is a proper subject of cross-examination which is responsive to testimony given on direct examination, or which is material or relevant thereto, and which tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness."

A reading of the transcript of the direct examination of this witness shows that the matter of thefts from automobiles in the company parking lot, particularly the theft of a certain tape player, was explicitly and at length opened up by the defense. We are, therefore, of the opinion that the prosecutor's questions complained of were within the bounds permissible for cross-examination.

We find neither reversible error nor grounds for modification of defendant's sentence upon the record of this case. Nonetheless, in view of the defendant's youth, the circumstances of this case, and the conditions presently prevailing at our state penal institutions, we would commend to the attention of his appointed attorney the provisions of 22 O.S.1971, § 994.

The judgment and sentence of the trial court is accordingly affirmed.

BLISS, P. J., and BUSSEY, J., concur.