Barbara OGLESBY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–464.

Court of Criminal Appeals of Oklahoma.

March 14, 1974.

Jim McClendon, Broken Bow, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., M. Joe Crosthwait, Jr., Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Barbara Oglesby, hereinafter referred to as defendant, was charged and tried in the District Court, McCurtain County, for the crime of Shooting with Intent to Kill in violation of 21 O.S.1971, § 652, in District Court Case No. CRF-73-14. The jury returned a verdict of guilty of the offense of Assault With a Dangerous Weapon in violation of 21 O.S.1971, § 645. Her punishment was fixed at a term of two (2) years imprisonment in accordance with that verdict, and a timely appeal has been perfected to this Court.

The prosecution resulted from a shooting incident which occurred in a tavern where the defendant was employed. The evidence at trial reflects that the complaining witness, James Chandler, while a customer at that tavern became engaged in an argument with a waitress. The defendant interceded in that argument. What began as a verbal exchange between the defendant and the complaining witness escalated to each throwing a beer bottle at the other and culminated with the complaining witness attempting to climb over the bar toward the defendant, at which time she shot him in the side with a .22 caliber pistol. According to the testimony of the employees of the tavern, two women were physically restraining Chandler as he attempted to climb over the bar toward the defendant. The defendant took the stand and admitted the shooting but stated that she was in fear of great bodily harm or death at the hands of the complaining witness at the time.

The defendant's first proposition contends that the trial court erred in refusing to permit the defendant to introduce certain evidence during the course of the trial. Specifically, she complains that the court erred in sustaining the state's objection to the following question by defense counsel, "Having seen all of this in your opinion was Mrs. Oglesby acting in her defense?" (TR 73) The trial court's ruling was proper for the reason that the answer sought falls within the general rule that the opinion of a witness is not admissible to interpret the acts, conduct or language of another. Collier v. State, 96 Okl.Cr. 32, 253 P.2d 568 (1952). The transcript reveals that the witness had testified in detail as to all the facts from which her opinion was derived; the jury was properly permitted to draw its own conclusion from those facts.

In her second proposition, the defendant challenges the sufficiency of the evidence to support the verdict of the jury. This Court has often repeated the rule that where there is competent evidence in the record from which the jury may reasonably conclude that the defendant is guilty as charged, we will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and deter-

mine the facts. Stumblingbear v. State, Okl.Cr., 491 P.2d 777 (1971); Stark v. State, Okl.Cr., 483 P.2d 1188 (1971). This is true even though there be a sharp conflict in the evidence at trial and though different inferences may be drawn therefrom. Bennett v. State, Okl.Cr., 495 P.2d 413 (1972). We have carefully read the transcript of the evidence adduced at trial and conclude that there is competent evidence in the record from which the jury could properly conclude that the defendant was guilty.

 The final proposition complains that the trial court erred in submitting to the jury an instruction which misdefined the crime of assault and battery with a dangerous weapon as defined by 21 O.S. 1971, § 645 by including the phrase "shoots or attempt to shoot at another." The instruction complained of is in error to the extent that it includes the phrase, "attempts to shoot at another." That phrase was deleted from the statute in question when it was amended by the state legislature in 1961. The inclusion of the phrase in question does not, however, constitute reversible error under the facts of this case. It is not conceivable that the jury could have found the defendant guilty of "attempting to shoot at" the complaining witness for the reason that she fully and freely admitted the shooting during her testimony at trial, contending that she shot in self-defense. Because the defendant was in no way prejudiced by this instruction, the error complained of falls within the rule provided for by 20 O.S.1971, § 3001:

> "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, *on the ground of misdirection of the jury* or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless it be the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a

constitutional or statutory right." (Emphasis added)

For the above and foregoing reasons it is our opinion that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., and BUSSEY, J., concur.