**Remona Clestine HOPKINS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-78-232.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1979.

Michael T. Braswell, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Timothy S. Frets, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Remona Clestine Hopkins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–77–606, for the offense of Larceny of Merchandise From a Retailer, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1731. Her punishment was fixed at seven (7) years' imprisonment.

From said judgment and sentence an appeal has been perfected to this Court.

Inasmuch as the appellate record does not contain the trial transcript we are unable to set forth the statement of facts. The information alleges that the defendant and codefendant Josephine Crooks did on February 11, 1977, steal two watches of a value in excess of Twenty ($20.00) Dollars from a retail store in Crossroads Mall, after having previously been convicted for Grand Larceny and Larceny of Merchandise From a Retailer, After Former Conviction of a Felony.

■ Defendant asserts in the first assignment of error that the verdict is excessive in that it exceeds the maximum provided by statute. She argues that the maximum punishment for a third conviction for larceny of merchandise from a retailer under the provisions of 21 O.S.1971, § 1731(C) is five (5) years' imprisonment. We need only observe that the defendant was not charged under the provisions of Section 1731(C) which is applicable when the value of the personal property is less than Twenty ($20.00) Dollars, but rather under the provisions of Section 1731(D), after former conviction of a felony, in violation of 21 O.S. 1971, § 51. The sentence imposed of seven (7) years is thus well within the range of punishment provided by law.

■ Defendant contends in the second assignment of error that the verdict is not substantiated by sufficient evidence. She cites numerous cases dealing with the law of conspiracy in support thereof. Although this assignment of error may or may not have merit, we are unable to determine the same in that the record does not contain a trial transcript. In *England v. State*, Okl. Cr., 496 P.2d 382, 385 (1972), we stated:

"We have previously held that the burden is upon the defendant to ascertain the presence of exhibits, instruments, or other evidence, upon which he intends to rely before final submission of the Record for review."

Having failed to properly preserve this assignment of error for this Court's review,

we have no alternative except to find it to be without merit.

Defendant alleges in the final assignment of error that the trial court erred in denying the motion for new trial based on newly discovered evidence. We have carefully examined the testimony offered in support of defendant's motion for new trial and are of the opinion that the trial court did not err in denying said motion. The only evidence presented as to diligence in obtaining the presence of a needed witness was that one Carla Marie Irving attempted to contact the witness on the day of the trial. We have previously held that waiting until the eve of a trial to attempt to procure the presence of a witness does not constitute due diligence. See *Bevel v. State*, 30 Okl.Cr. 73, 234 P. 653 (1925), *Mitts v. State*, Okl.Cr., 345 P.2d 913 (1959), cert. den. 80 S.Ct. 1620, 363 U.S. 846, 4 L.Ed.2d 1730 and *Stark v. State*, Okl.Cr., 483 P.2d 1188 (1971).

The judgment and sentence is AFFIRMED.

CORNISH, P. J., and BRETT, J., concur.