Horace Burt **MULLINS**, OSP #66452, Petitioner,

v.

Ray H. **PAGE**, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.

No. A–14731.

Court of Criminal Appeals of Oklahoma.

July 3, 1968.

Delbert Brock, McAlester, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Horace Burt Mullins has filed a petition for writ of habeas corpus, or a post con-

viction appeal and release from his confinement in the state penitentiary.

Petitioner was sentenced by the district court of Carter County to life imprisonment on his plea of guilty to a charge of murder. Petitioner files with his petition a complete transcript of the proceedings in the trial court.

Petitioner, as grounds for release or post conviction appeal, sets out four propositions of error. That he plead guilty under duress because of a confession coerced from a co-defendant, and that said defendant was to testify against him for the State; that he was refused a lie detector test; that he was not advised of his right to an appeal and the appointment of counsel on appeal; and that he was denied his right to a fair trial and due process of law.

■ As to the first contention, petitioner cites the case of Brown v. State, Okl. Cr., 384 P.2d 54. Brown was a co-defendant of this petitioner and entered a plea of guilty under rather unusual circumstances. That case was reversed by this Court, with directions to the district court of Carter County to dismiss the same. Petitioner's contention that the confession of Brown was coerced would in no way indicate that petitioner could take advantage of the rights or privileges personal to another defendant. We find no merit in this contention.

■ As to petitioner being refused a lie detector test, we find that he did state to the court that he was willing to take such a test, but this Court has held that the efficacy of the lie detector test has not gained that standing and scientific recognition nor demonstrated that degree of dependability to justify courts in approving the results of their use as evidence in criminal cases. See Leeks v. State, 95 Okl.Cr. 326, 245 P.2d 764; Looper v. State, Okl. Cr., 381 P.2d 1018; Henderson v. State, 94 Okl.Cr. 45, 230 P.2d 495, 23 A.L.R.2d 1292, cert. den., 342 U.S. 898, 72 S.Ct. 234, 96 L.Ed. 673.

■ Further, as shown by the transcript of the proceedings, petitioner wanted only to establish by means of the lie detector test that he was not the one of the three defendants charged in the murder prosecution, who actually pulled the trigger and discharged the gun which killed the victim. Such showing would not have been a defense to the charge against defendant, as he admitted to the trial court that he was present and engaged in the burglary that resulted in the death of the police officer. This he well knew and understood, from his statement to the trial court.

■ Petitioner complains that the trial court failed to explain his right of appeal when judgment and sentence was entered. Such complaint is without merit, for under the circumstances of this case there was no responsibility on the part of the trial court to undertake such explanation. Petitioner was represented by his own counsel, admitted his part in the crime, and asked that the court pass judgment and sentence.

■ While this Court recited in Copenhaver v. State, Okl.Cr., 431 P.2d 669, the recommendation that: " * * * [T]he better practice would be for the trial judge to advise defendant, represented by counsel of his own choice, in the same manner suggested above for indigent persons * * and that a record be preserved of such proceedings" there is no such requirement under the present state of the law. However, in the instant case the record of proceedings was preserved and such reveals that petitioner's constitutional rights were not denied.

In support of this contention petitioner cites Wynn v. Page, (an Oklahoma case), 369 F.2d 930, decided by the United States Court of Appeals, Tenth Circuit. However, in the Wynn case, the defendant did not plead guilty, but was tried before a jury, and was represented by counsel obtained by the help of a friend. Here petitioner provided his own counsel, with whose aid and assistance he entered a plea of guilty.

The entire proceedings, including the arraignment, which extended over three different dates, and what transpired when petitioner entered his plea of guilty are before the Court, and we have carefully considered the same. Consequently, there would be nothing more for this Court to consider on an appeal. The transcript shows that this petitioner knowingly and voluntarily entered his plea of guilty to the charge of murder, that he admitted he understood the consequences of his plea, as well as what the extent of punishment could be. After having reviewed the transcript of those proceedings, we are convinced that petitioner was accorded due process of law throughout the proceedings.

The demurrer of the Attorney General is sustained, and the petition dismissed.

BUSSEY, J., concurs.

NIX, P. J., not participating.