Horace Burt MULLINS, Petitioner,

v.

Ray H. PAGE et al., Respondents.

No. A–14881.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1968.

Delbert Brock, McAlester, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

### MEMORANDUM OPINION

#### PER CURIAM:

This is an original proceeding in which Horace Burt Mullins has petitioned this Court for a writ of habeas corpus seeking his release from his present incarceration in the Oklahoma State Penitentiary where he is restrained under the authority of judgment and sentence from the District Court of Carter County, Oklahoma, Case No. 5701, sentencing Petitioner to life imprisonment for the crime of murder rendered on February 12, 1962. Petitioner alleged as his grounds for relief that he entered a guilty plea under duress, that the court failed to order a lie detector test upon his request, and that the court failed to advise Petitioner of his right to appeal.

We find the Petitioner previously applied for a writ of mandamus for a casemade forma pauperis which was denied by this Court on January 26, 1965, in case No. A–13,867. Furthermore, Petitioner applied to this Court for a writ of habeas corpus or post-conviction appeal in case No. A–14,731, seeking relief on the same basis as alleged in the instant petition. It was the opinion of this Court that Petitioner was not entitled to relief on the allegations therein. Mullins v. Page, Okl.Cr., 443 P.2d 773.

The only new matter alleged in the instant petition by Petitioner's attorney is that the attorney did not receive a copy of the Respondent's demurrer, did not have the opportunity to argue the case, and did not receive a copy of the Court's opinion. Needless to say, this new allegation does not state a basis for granting of habeas corpus relief nor the denial of procedural rights. We find that Petitioner himself received a copy of the Respondent's demurrer and the copy of the Court's opinion

in the former case. It should be noted that there is no absolute right for oral argument in this Court, nor a hearing in a habeas corpus matter. It is further noted that there is no provision for a rehearing in a habeas corpus matter.

This Court has consistently held that once it has passed upon the sufficiency of an application for habeas corpus and makes a determination thereon, it will not evaluate another application based upon the same grounds raised in the first. Application of Pettyjohn, Okl.Cr., 359 P.2d 739. Therefore, the premises herein fully considered, it is the order of this Court that the petition for writ of habeas corpus in the above styled and numbered cause be dismissed. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.