**Gary Dean FARRAR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16712.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1973.

 

Frank E. Hensley, Guymon, for appellant.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., and Chief, Criminal Division, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Gary Dean Farrar, hereinafter referred to as defendant was charged, tried, and convicted in the District Court of Texas County, for the offense of Burglary in the Second Degree, After Former Conviction of Felony. The defendant was tried before a jury, and the jury returned a verdict of guilty as charged. Subsequent to that finding, the jury was read the second part of the information charging Burglary in the Second Degree, After Former Conviction of Felony. Punishment was fixed at ten (10) years imprisonment in the state penitentiary, and from said judgment and sentence, a timely appeal has been perfected to this Court.

On the 15th day of February, 1971, Ben Ellis, owner of an antique shop in Hooker, Oklahoma, was at his place of business between 10:30 and 11:00 p. m. when he heard the sound of breaking glass from across the street. His attention was thereby directed to the Schaapveld Oil Company where he observed two people force open a side door and enter the building. Ellis entered his car and continued to observe the Schaapveld Oil Company where he saw a man in a "rather distinctive shirt" kneeling in front of a cigarette machine.

Ellis drove away from the scene and sent for the police. He returned with two other parties and continued to maintain surveillance on the building. Momentarily, two men ran from the building across Highway 54 to the south. Ellis identified the defendant as the man in the building wearing a "distinctive shirt." Soon afterwards, co-defendant Henson was apprehended at the scene in a red Mustang with a Kansas tag.

Jim Honeman, manager of Schaapveld Oil Company, testified that he received a phone call from Police Chief Mel Simer about 12:00 midnight. He thereupon went to his service station where he observed that the glass in a door had been broken out. He testified that he had locked the door upon closing on February 15, that he kept personal property of value inside the service station, and that he gave no one permission to enter the premises on February 15.

Daniel Steven Hill, Jr., testified that he left Kansas State Industrial Reformatory in the company of defendant and Glen Henson on February 13. They entered Oklahoma driving a red Mustang. He entered Hooker, Oklahoma, in the company of the same two men where Hill testified that he broke into a gas station.

The combined testimony of Chester Juvenile and John Robert Juvenile established the latter's car was stolen from their residence about 11:00 on the night of February 15. The car was next seen in Guymon, Oklahoma, the following day. Chester Juvenile testified that the residence from which the car was stolen was four and a half blocks from the Schaapveld Oil Company.

Joe Ferguson, Assistant Chief of Police, Guymon, Oklahoma, testified that he was on duty on the night of February 15. At approximately 2:30 a. m. on that evening he stopped a car, the description of which matched one reportedly stolen in Hooker. The vehicle carried two persons, Daniel Hill and defendant.

The defendant raises error in six propositions. They will be considered numerically.

The defendant's first proposition is that the trial court erred in admitting testimony of a witness for the State by transcript of previous testimony. This argument is based on two allegations: First, that a proper predicate had not been laid for the testimony; secondly, that the transcript of the preliminary hearing had not been properly filed with the clerk of the Court.

In support of his first allegation, the defendant relies on the cases of Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L. Ed.2d 255 (1968) and Mullins v. Page, Okl.Cr., 443 P.2d 773 (1968). In Barber v. Page, *supra*, the Supreme Court of the United States held that the mere absence of a witness from the jurisdiction without

some showing of diligence on the part of the prosecution to secure the presence of the witness was not sufficient ground for dispensing with the accused's Sixth Amendment right to confrontation.

In so holding the Court acknowledged that:

"* * * [T]here has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. * * *"

"* * * [T]here may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demand of the confrontation clause where the witness is shown to be actually unavailable * * *"

The requirement of "actual unavailability", removes the instant case from the operation of the rule applied in Barber v. Page, *supra*. This requirement was expressed by the court in *Barber, supra,* when the court declared:

"In short, a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial."

In this case the testimony clearly shows that several attempts were made to locate the witness, Ben Ellis, at his home, at a hospital in Oklahoma City and also at two locations in the State of Kansas. It is also a matter of record that an attempt was made to locate Ellis' wife and it was indicated that she was accompanying her husband.

The defendant mistakenly cites Mullins v. Page, Okl.Cr., 443 P.2d 773 (1968), intending to cite In Re Bishop, Okl.Cr., 443 P.2d 768 (1968), where the court states:

"* * * [T]he State is required to show that a diligent effort has been made to locate the missing witness, *and*

*that he is actually unavailable.* * * *"

And further states:

"* * * However, exercise of that discretion is subject to certain limitations. Those limitations include: that the testimony was taken down by a reporter in the presence of the defendant and his counsel, who cross-examined him; that the testimony was filed with the clerk; that a proper predicate is laid for the introduction of such testimony, by showing the exercise of due diligence in attempting to locate the missing witness; and, that due diligence has been exercised in an effort to produce the witness, by timely issuance and service of subpoena. In the absence of such showing, the transcript of previous testimony should be denied by the trial court. * * *"

It is clear from the facts of this case that the requirements of both Barber v. Page, *supra,* and In Re Bishop, have been sufficiently met and that the State clearly showed the use of "due diligence" in its attempt to locate the witness, Ben Ellis. Therefore, having satisfied those requirements, we find this portion of the defendant's first proposition to be without merit.

The defendant's second allegation states that the transcript of the preliminary hearing had not been properly filed with the clerk of the Court. In support of this allegation, defendant cites 22 O.S.1961, § 258, which states in part:

"First: The witnesses must be examined in the presence of the defendant, and may be cross-examined by him. On the request of the county attorney, or the defendant, all the testimony must be reduced to writing in the form of questions and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, by the examining magistrate, and may be used as provided in 22 O.S.1951 § 333. In no case shall the county be liable for the

expense in reducing such testimony to writing, unless ordered by the judge of a court of record."

This court stated in Harris v. State, Okl. Cr., 400 P.2d 64 (1965), quoting Exleton v. State, 30 Okl.Cr. 224, 235 P. 627 (1925):

> " 'It is not an essential prerequisite that a transcript of the evidence taken at a preliminary trial be filed with the court clerk in order to render it admissible in evidence, when otherwise competent and material.' "

The defendant also cites 12 O.S.1961, § 448, but that section is not material to this case and has to deal with civil not criminal actions. Therefore, we find that the testimony of the witness by transcript was proper and that it was not necessary for the transcript to have been filed with the court clerk in order to be admissible at trial.

The second proposition of error claims that the court committed error in overruling the defendant's demurrer to the evidence. The defendant offers no authority for the basis of this contention. From the record it can be seen that a crime (i. e., Burglary in the Second Degree) was committed, that clothing worn by defendant was identified as clothing worn by one of the individuals that fled the scene of the crime and that the testimony of an accomplice put the defendant at or near the scene of the crime on or near the time of its commission.

■ The defendant has been convicted herein of Burglary in the Second Degree, elements of which are set out in 21 O.S. 1971, § 1435, stating that:

> "Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree."

Although the evidence in this particular case is circumstantial, the evidence is sufficient and the defendant's demurrer was properly overruled. As this court has stated many times and repeated in Lamb v. State, Okl.Cr., 375 P.2d 987 (1962):

> " * * * [T]his court has repeatedly held that where a conviction rests upon circumstantial evidence, and circumstances are proved from which a reasonable and logical inference of guilt clearly arises and which excludes any reasonable hypothesis except the guilt of the accused, although the evidence is conflicting, Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. * * * "

See also the court's holding in the case of Farrar's co-defendant, Henson v. State, Okl.Cr., 500 P.2d 859 (1972).

■■ The defendant's third proposition of error claims that the court erred in admitting evidence showing or tending to show the commission of other crimes by the defendant to his substantial prejudice. The defendant cites the case of Hooper v. State, 7 Okl.Cr. 43, 121 P. 1087 (1912), which held that the fact that the defendant has been in prison for an offense cannot be shown unless it is in some manner connected with the offense for which he is on trial, but the court continued and also stated:

> " * * * But, while it is true that this evidence was improperly admitted, it does not necessarily follow that this case should be reversed on this account."

The defendant further cites Welch v. United States, 10 Cir., 371 F.2d 287 (1966), as holding that evidence of unlawful conduct is inadmissible where it diverts the case into a "trial within a trial" and exposes the defendant to a conviction for a crime not charged. However, it is further discovered that the court also stated that:

> " * * * [B]ut evidence tending to prove a material fact although incidentally showing the defendant to have committed another crime, or, as here, perhaps to indicate unconventional conduct, is not inadmissible because of potential side effect. * * * "

This policy has also been followed by federal courts applying Oklahoma law. In Moran v. United States, 404 F.2d 663 (1968), the Court of Appeals for the 10th Circuit held:

> "* * * The test of admissibility of evidence of other crimes is whether it is material to any issue in the case and tends to prove the crime for which the defendant is on trial."

The defendant further challenges the admissibility of the testimony of officer Joe Ferguson, relevant to the flight of the accused. This Court and others have repeatedly held that the testimony in regard to flight is admissible because of its nature; it shows consciousness of guilt and should be held inadmissible only when the probative value of the evidence is diminished by a lack of relevance to the charge. This is not such a case. A typical case expressing this Court's view is Wilson v. State, 96 Okl.Cr. 137, 250 P.2d 72 (1952), in which this Court said:

> "This court has held in many cases that evidence of flight, concealment, and analogous conduct is admissible as evidence because it is a circumstance *tending to show consciousness of guilt.*" (Emphasis added.)

Therefore, we find that the objected to evidence was admissible and without a sufficient degree of error on which this Court might base a reversal.

 The defendant's fourth proposition of error states that the court erred in erroneously and improperly instructing the jury respecting testimony of an accomplice and consideration of flight by the accused. Instruction No. 4, referred to by defendant's counsel in brief as Instruction No. 7, is taken from 22 O.S.1971, § 742, which provides:

> "A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or circumstances thereof."

Counsel suggests that there is a total lack of evidence that witness Hill was an accomplice. As this Court held in McCormick v. State, Okl.Cr., 464 P.2d 942 (1969):

> "* * * [T]he test by which to determine whether a witness is an accomplice, where his testimony must be corroborated, is to ascertain whether a witness could be indicted for the offense for which the accused is being tried. * * *"

In Walker v. State, 89 Okl.Cr. 19, 204 P.2d 552 (1949), this Court citing Sipes v. State, 36 Okl.Cr. 1, 251 P. 511 (1926), held:

> "'* * * [W]here the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice.'"

The admissions of the witness, Hill, as related in the transcript placed him squarely within the rule laid down in Walker v. State, *supra.* This being true, the facts as to whether the witness is or is not an accomplice in the instant case are not susceptible of either interpretation. The witness has rendered himself as an accomplice by his own admission.

 The defendant objected to Instruction No. 7 in regard to "flight" which states:

> "You are instructed that evidence has been offered tending to show flight by the defendants shortly after the commission of the crime alleged against them in the Information. If you find from the evidence that the defendant did at some time flee from the place of the crime alleged against him in the Information and that such flight was induced by his apprehension of being charged with a public offense by reason thereof of Burglary in the Second Degree, this is a circumstance to be considered by you, in connection with all other evidence, to aid you in determining the question of guilt or innocence of the defendant."

As this Court held in Graham v. State, 80 Okl.Cr. 159, 157 P.2d 758 (1945), "flight"

is a circumstance which the jury may consider in determining the guilt or innocence of the accused. This holding demonstrates that the standard governing jury instructions relative to flight is not whether other explanations may be explicable of the circumstances surrounding apprehension, but whether, viewed in the context of other evidence, it tends to establish guilt or innocence. In addition, it is noted by this Court that while counsel for defendant made timely objections to challenge instructions, he does not state suggested instructions as an alternative. Having failed to do so, defendant has waived the right to challenge the objectional instructions on appeal. In Woody v. State, 95 Okl.Cr. 21, 238 P.2d 367 (1951), this Court quoted with approval its earlier holding in Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231 (1947), where the court stated that:

" ' * * * Where counsel for the defendant is not satisfied with instructions given by the court and desires additional or different instructions, other than the instructions given by the court, they must reduce such instructions to writing and request that they be given, and a conviction will not be reversed where there is a failure to make such request unless the Criminal Court of Appeals is of the opinion in the light of the entire record and instructions, that, because of failure to instruct upon some material question of law, accused has been deprived of a substantial right.' "

From the foregoing authority we find this contention to be without merit.

■ Proposition five of the defendant's brief claims error in the admission into evidence in Part II of the trial, photographs which were used to confirm the identity of the defendant and his co-defendant. This Court does not consider discussion of this proposition necessary. The photographs were entered in Part II of the proceedings and were only presented to show that the defendants on trial were actually Gary Dean Farrar and Glen Henson, who had been convicted of former felonies in the State of Kansas. The contention of counsel does not show how the defendant was injured by the admission of these photographs. This Court does not recognize error in the context in which these photographs were used and holds that this contention is wholly without merit.

■ The sixth and final proposition of error states that the verdict of the jury in Part II of the trial is ambiguous and uncertain and that as a result constituted prejudicial error toward the defendant. This Court held in Nix v. State, Okl.Cr., 453 P.2d 309 (1969), that:

" 'A verdict will not be held void for uncertainty, if its meaning can be determined by reference to the record proper.' "

The instant case is such a case and Bush v. State, Okl.Cr., 415 P.2d 185 (1966), cited by defendant is not applicable and, without further basis for error, the court finds that according to 21 O.S.1971, § 51, a separate determination of guilt is unnecessary and that the verdict is sufficiently certain and not ambiguous as it can be easily ascertained from the record. The record further reflects that no objection was made to the verdict form or its contents by defendant Farrar and that the only objection made in his behalf went to the sufficiency of the evidence and was made after the jury was discharged.

It is, therefore, the finding of this Court that the trial court did not commit reversible error in the trial of the case and we do affirm the judgment and sentence of the District Court.

Further, an examination of the original record and transcript reveals neither fundamental nor prejudicial error which would require reversal or modification. It is therefore the decision of this Court that the judgment and sentence of the District Court be affirmed.

BUSSEY and BRETT, JJ., concur.