Charles David **HOLMAN,** Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–76–274.

Court of Criminal Appeals of Oklahoma.

Aug. 27, 1976.

Leslie R. Earl, Jr., Public Defender, Richard A. Hoffman, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Michael W. Jackson, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge.

Appellant, Charles David Holman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–75–908, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. His punishment was fixed at one hundred (100) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial W. R. Cox testified that on April 25, 1975, he lived at 5516 East 61st Court in the City of Tulsa, Oklahoma. He returned to his home after being out of town and observed various objects stacked in the middle of the hallway. He discovered that drawers had been pulled out and things were scattered all over the floor. He went outside and found that a screen had been pried from a window at the northwest corner of the house. He testified that he did not know the defendant, nor had he given anyone permission to enter his home.

Sherrill Lieberman testified that on April 25, 1975, she lived across the street from Mr. Cox. At approximately 2:20 a.m. she observed a dark colored van pull up and a boy walk to Mr. Cox' front door. She subsequently observed that same person try to raise a window in the front of the house and the garage door. This person then disappeared around the side of the house. Shortly thereafter, the front door opened and two other persons then exited the van and went into the house. Mrs. Lieberman's husband then called the police and informed them of what they had observed. One of the persons then exited the house and drove away in the van. Several police cars arrived at the location and she observed the police lead two persons, who had been handcuffed, from the house.

Officer Kenneth Aery testified that in the early morning hours of April 25, 1975,

he answered a burglary in progress call at 5515 East 61st Street Court. He went to the west side of the house and found a screen laying on the ground and a window open. A canine officer arrived and the dog was placed through the open window. The officer followed the dog into the house through the window and called out that he needed assistance. Officer Aery climbed through the window and found that the canine officer had two subjects lying on the floor. He identified the defendant as one of the subjects.

Officer Ralph Duncan testified that he was a canine officer for the Patrol Division of the Tulsa Police Department. Upon arriving at the Cox residence, he called into the house that he was a police officer and that he had a dog. He put his dog through the window and followed him into the house. He found a subject in the hallway with his hands in the air. The subject stated, "I give up." (Tr. 92) Officer Duncan asked the subject where his partner was and the subject pointed to the back of the house. The officer proceeded to the back bedroom and found the defendant hiding under a bed.

The defendant did not testify nor was any evidence offered in his behalf.

The defendant asserts in his first assignment of error "That the trial court erred by not granting the motion for mistrial of the defendant for the reason that he was arrested subject to statements made by a suspect who was held in custody but who had not been advised of his Miranda rights." We are of the opinion that this assignment of error is patently frivolous. It is well established that one accused of a crime cannot assert and be afforded advantages of the rights or privileges personal to another. *Mullins v. Page*, Okl.Cr., 443 P.2d 773 (1968); *Glover v. State*, Okl.Cr., 531 P.2d 689 (1975); *People v. Denham*, 41 Ill.2d 1, 241 N.E.2d 415, cert. denied 394 U.S. 1006, 89 S.Ct. 1605, 22 L.Ed.2d 784 (1969). We further observe that the evidence complained of is not in the nature of a confession, nor admission, but rather the subject merely pointed to the location where the defendant was found, hiding under a bed. It is thus readily apparent that such evidence was admissible as part of the res gestae.

In his second assignment of error the defendant asserts that the Assistant District Attorney made improper remarks during the course of the trial. We have carefully examined each of the alleged improper remarks and we are of the opinion that the remarks were not so prejudicial as to deprive the accused of his right to a fair and impartial trial. See, *Young v. State*, Okl.Cr., 373 P.2d 273 (1962); *Pickens v. State*, Okl.Cr., 450 P.2d 837 (1969); and, *Neal v. State*, Okl.Cr., 506 P.2d 936 (1973).

The final assignment of error is that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of this Court. *Roberts v. State*, Okl.Cr., 473 P.2d 264 (1970). Considering that this is the defendant's fourth conviction for burglary in the second degree, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

For all the foregoing reasons the judgment and sentence is, accordingly, *AFFIRMED*.

BLISS, J., concurs.

BRETT, P. J., specially concurs.

BRETT, Presiding Judge (specially concurring).

I concur that this conviction should be affirmed, but I would also modify the sentence to a lesser number of years. I am not unmindful of the intent of the jury in assessing such a sentence; but nonetheless, I believe the sentence is excessive.