**Robert Wayne HALL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–76–654.**

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1977.

Ronald C. Bennett, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BLISS, Judge.

Appellant, Robert Wayne Hall, hereinafter referred to as defendant, was charged, tried and convicted in the Tulsa County District Court, Case No. TR–76–1623, for the crime of Reckless Driving, in violation of 47 O.S.1971, § 11–901. Trial was had to a jury and punishment was fixed at five (5) days' imprisonment and a fine of One Hundred ($100.00) Dollars. From this judgment and sentence defendant has perfected this timely appeal.

The prosecution called only one witness, Trooper Robert E. Broome of the Oklahoma Highway Patrol. Trooper Broome's testimony, being quite lengthy, will here be reduced to the basic facts. Broome testified that at approximately 6:55 a. m. on the morning of February 13, 1976, he stopped a blue, two door, 1967 Pontiac on I–44 in the eastbound lane between Memorial Road and 21st Street overpass in Tulsa, Oklahoma. He testified that his attention had been drawn to the vehicle as it moved eastbound at a rate of speed which was in excess of the rate of the general flow of traffic. He testified that as he observed the automobile he noticed that the driver changed lanes several times, cutting in front of several other vehicles which were proceeding at approximately 55 to 60 miles per hour. In addition, he watched as the other vehicles were forced to break hard to avoid colliding with the vehicle he was observing. The officer then turned on his single, righthand, red spotlight and maneuvered into position behind the vehicle. After pursuing the vehicle at a pace of approximately 70 miles per hour, Trooper Broome determined that he had not as yet caught the driver's attention. At this point Trooper Broome turned on all of his emergency equipment, including bright lights, overhead light, siren, and honked his horn to attract the driver's attention. Broome further testified that he had to pull up even with the vehicle in order to catch the driver's attention and get the driver to pull the vehicle off the road. The trooper then apprehended the driver of the vehicle and cited him for reckless driving. Trooper Broome identified the driver of the vehicle as being the defendant.

The testimony adduced at trial by the defense consisted solely of the defendant's version of the events leading to the arrest. Defendant testified that he was on his way home at the time of the arrest. Defendant testified in essence that he had intended to exit the Interstate to have breakfast, but that after entering the exit lane he changed his mind about getting off the Interstate and re-entered the flow of traffic. At this point defendant testified that he noticed the highway patrolman behind him with his lights on, and he then pulled over to the side of the road. Defendant denied any recklessness or carelessness in his driving and further denied having traveled some distance before noticing the patrolman attempting to pull him over.

■ Defendant's first assignment of error is an assertion that the trial judge committed reversible error in overruling defendant's demurrer to the evidence. In support, defendant offers assertions of inconsistencies in the arresting officers' testi-

mony concerning the events immediately prior to the arrest. Defendant urges this Court to adopt a rule allowing a trial court judge to determine the "probability" of offered testimony and exclude same if it is "declared inherently improbable." We have examined defendant's cited authority and find it to be inapplicable to the present case. Further, it has always been the view of this Court that the weight to be given a particular witness' testimony is the exclusive province of the trier of fact, and sufficient showing has not been made here to persuade us to depart from this settled principle. Even though conflicting inferences may be drawn from disputed testimony, the Court of Criminal Appeals will not disturb a jury determination as to the testimony. See, *Jennings v. State*, Okl.Cr., 506 P.2d 931 (1973). This assignment of error is without merit.

Defendant's second assignment of error is that the prosecuting attorney questioned defendant on cross-examination concerning defendant's whereabouts immediately prior to the events leading to the arrest, and mentioned same during closing argument. Defendant alleges that this testimony implied that defendant had been drinking, and was improperly brought to the attention of the jury. Also, defendant contends that a remark which the arresting officer made on direct examination was an "evidentiary harpoon" which prejudiced the jury.

■■ Defendant urges that bringing before the jury the fact that defendant was coming from a club implied that defendant was intoxicated and committing a separate offense. Defendant urges that evidence of a separate offense is inadmissible and prejudicial to the defendant, requiring reversal. No such implication appears in the record and nowhere did the prosecutor allege a cause and effect relationship between the two. We have held that any matter is a proper subject of cross-examination which may tend to explain, elucidate or contradict testimony given on direct examination. See, *Lyons v. State*, Okl.Cr., 516 P.2d 283 (1973). Also see, *Rapp v. State*, Okl.Cr., 418 P.2d 357 (1966); and, 98 C.J.S. Witnesses

§ 378. After examining the transcript we find that this questioning was relevant and, further, find no resulting prejudice. This testimony was properly a part of the record and therefore the prosecutor's comment on it in closing argument was not improper.

■ We note from the transcript of the trial that defendant made no objection to the alleged "harpoon," nor did defendant request an admonishing instruction, or argue same in his motion for a new trial. This Court has held in the past that these matters may not be brought up for the first time on appeal, and that a failure to make a timely objection to same constitutes a waiver of objection. The Court so holds here. See, *McCall v. State*, Okl.Cr., 539 P.2d 418 (1975). We find defendant's second assignment of error to be without merit.

■ Defendant's third assignment of error urges that the sentence imposed was excessive. Defendant was assessed a One Hundred ($100.00) Dollar fine and sentenced to serve five (5) days in the County jail. Title 47, O.S.1971, § 11–901(b) provides:

"Every person convicted of reckless driving shall be punished upon a first conviction by imprisonment for a period of not less than five days nor more than ninety days, or by fine of not less than Twenty-five Dollars ($25.00) nor more than Five Hundred Dollars ($500.00), or by both such fine and imprisonment; . . . ."

The punishment is well within the purview of the statute and we have held consistently in the past, and so hold today, that unless the conscience of the Court is shocked, this Court will not interfere with a jury determination of the sentence. See, *Hall v. State*, Okl.Cr., 548 P.2d 649 (1976).

For the reasons hereinbefore stated, *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.