Jeffrey F. **CHILDRESS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–77–460.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1977.

Rehearing Denied Jan. 10, 1978.

Terry Shipley, Cheryl Clayton, Noble, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Jeffrey F. Childress, hereinafter referred to as defendant, was charged in the District Court, Cleveland County, Case No. CRF–76–341, with the offense of Burglary, Second Degree, in violation of 21 O.S.1971, § 1435. The defendant waived his right to trial by jury and was tried before the Honorable Alma B. Wilson, convicted of the offense of Burglary, Second Degree, and sentenced to imprisonment in the State penitentiary for a term of two (2) years. From this judgment and sentence the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts adduced at trial are as follows. On the 11th of June, 1977, Fred E. Karcher left his place of business, the Buchanan Bicycle Shop in Norman, Oklahoma, securely locked.

At approximately 2:00 a. m., while working at Fontanelli's Tavern, located nearby, Paul Hurst heard the sound of breaking glass and ran out to discover that several panes in the front window of the bicycle shop had been broken. He simultaneously observed an individual carrying two objects run down an alley. He pursued said individual and subsequently apprehended him after noticing the suspect drop two objects a short distance away. The individual was subsequently identified by Mr. Hurst at trial as the defendant. Upon subsequent investigation, it was discovered that the two objects dropped by the defendant were skateboards taken from the shop. At about the same time as the defendant was apprehended, Officer Harmon, an off-duty policeman, arrived at the scene, and the defendant and the skateboards were surrendered to him. The defendant was subsequently turned over to the Norman police, along with the skateboards.

At approximately 2:30 a. m., Mr. Karcher returned to his shop after being informed that the shop had been burglarized. A subsequent check of his inventory revealed that two skateboards were missing. At trial, he identified the two skateboards recovered from the defendant as being the same type as those taken from his shop.

The defendant asserts four assignments of error, all of which challenge the sufficiency of the evidence to support his conviction. Therefore, for the purpose of this opinion they will be considered together. The defendant contends that the evidence did not directly prove that the defendant broke and entered the building in question or that he had the requisite intent to commit a crime. He also contends that there was insufficient evidence to connect the stolen property with the defendant. We note here that a review of the evidence reveals that this contention is entirely frivolous. Finally, the defendant contends that the evidence as a whole does not support the conviction. We find all these contentions to be without merit.

While much of the evidence in this case was circumstantial, there was clearly sufficient evidence upon which to base a finding of guilt. In *Cheeves v. State*, 18 Okl.Cr. 480, 196 P. 726, 728 (1921), this Court stated:

" . . . It rarely happens that perpetrators of an offense, committed in the manner here proven, can be shown by witnesses who saw and recognized the defendants in the act, and resort must therefore ordinarily be had to circumstantial evidence."

Furthermore, we stated in *Brown v. State*, Okl.Cr., 404 P.2d 78, 80 (1965), that:

" . . . The subjective intent with which an act is done is seldom established by direct evidence, but must of necessity be determined by all of the attending facts and circumstances surrounding such act."

After a careful review of the evidence produced by the State during the trial, we find that said evidence was sufficient to exclude every *reasonable* hypothesis except that of guilt. See *Hardy v. State,* Okl.Cr., 562 P.2d 943 (1977). For the above and foregoing reasons the judgment and sentence of the trial court is hereby *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.