**Ray Lee GEIKAUNMAH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–77–234.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1977.

Warren H. Crane, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

Appellant, Ray Lee Geikaunmah, hereinafter referred to as defendant, was charged in the District Court, Cleveland County, with Burglary in the Second Degree, in violation of 21 O.S.1971, § 1435, in Case No. CRF–76–536. He was convicted upon trial by jury and sentenced to two (2) years under the direction and control of the Department of Corrections. From said judgment and sentence the defendant brings this timely appeal.

The evidence and testimony presented at trial showed that the Joe Schat residence in Noble, Oklahoma, had been burglarized sometime between the hours of 7:50 a. m. and 3:50 p. m. on September 14, 1976. The following items were taken in the burglary: three to four packages of lunch meat, one and half loaves of bread, one-half gallon of milk, two Pepsis, one package of cupcakes, one package of donuts, and one two-dollar bill. The defendant and an eleven-year-old companion were observed near the home by Chief Wren of the Noble Police Department, and he approached the pair to inquire why the younger of the two was not in school since it was during school hours. The defendant dropped a bundle, which contained foodstuffs matching the description of those taken in the burglary, and attempted to flee. After ascertaining the Schat home had been burglarized and that items taken were similar to those found on

the defendant, the defendant was searched and found to have a two-dollar bill in his pocket.

The defendant testified in his own behalf and denied taking the above mentioned items. He testified that he took a nap, and upon waking his companion presented him with the stolen items and told him where he had obtained them. The defendant said that this knowledge, coupled with his fear of police officers and a prior felony conviction, caused him to drop the bundle and flee.

 The defendant raises only one assignment of error, and that is there was insufficient competent evidence adduced at trial to warrant the conviction of the defendant beyond a reasonable doubt. We cannot agree with this contention. The defendant is placed near the scene of the crime at a time close to when the crime occurred, and with the fruits of the crime. These circumstances when viewed together constitute enough evidence to place the determination of guilt or innocence in the hands of the jury. The defendant cites *Beard v. State*, Okl.Cr., 410 P.2d 567 (1965), as authority for his claim that mere subsequent connection with property stolen as a result of a burglary cannot make one guilty of the burglary. We agree that this is the law, but would distinguish the instant case because the facts in the *Beard* case indicate that the property was located some distance from where it had been taken, and that as much time as one month could have elapsed from the time it was taken until it was found. We find the facts in the instant case to be more similar to those found in *Cheatham v. State*, Okl.Cr., 483 P.2d 1172 (1971), wherein the defendants were found to be in possession of property stolen in a burglary and were found to be near the building burglarized, and at a time not remote from the time of the burglary. In affirming the conviction in *Cheatham v. State*, supra, at page 1176, we said:

" . . . This Court has consistently held that mere possession of recently stolen property is insufficient to authorize conviction for burglary, but it is a cir-

cumstance to be taken into consideration by the jury, providing there is additional evidence to connect the defendant with the original breaking and entering. . . . " (Citations omitted)

We held then, as we do now, that possession of stolen property, together with evidence placing the defendant near the scene of the crime is sufficient to connect the defendant with the actual breaking and entering.

We find that the evidence supports the verdict of the jury, and the record is free of any error which would justify modification or reversal. We are of the opinion that the judgment and sentence appealed from should be, and the same is, hereby, *AFFIRMED*.

CORNISH and BRETT, JJ., concur.