**John Randall MARKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–162.**

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1981.

Michael Adcock, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, John Randall Marks, was convicted of Burglary in the Second Degree, After Former Conviction of a Felony, in Pottawatomie County District Court, Case No. CRF–79–378, was sentenced to ten (10) years' imprisonment, and he appeals.

About 2:00 A.M., December 2, 1979, Robert M. Young discovered that his place of business, Keith Aviation, located at the Shawnee airport, had been burglarized. Three (3) windows were broken out, one door was kicked in, a closet containing airplane keys had been ransacked, and a key to a Cessna 210 aircraft, F.A.A. registration number N2091S, had been taken. The aircraft, which had been locked, had been unlocked and flown away. The aircraft was observed at about 2:00 A.M., when it almost collided with an overpass, on the interstate highway near the Earlsboro exit. The pilot of the airplane was positively identified as the appellant, John Randall Marks, a former student of Keith Aviation.

■ As his first assignment of error, the appellant contends that the mere possession of stolen property is insufficient to meet the State's burden of proof of Second Degree Burglary. We are of the opinion that possession of the aircraft by the appellant, which could only have been acquired by use of the key taken during the burglary at Keith Aviation, together with the fact that the aircraft was found a short time after the burglary, and only a few air miles distance from the Shawnee airport, was sufficient circumstantial evidence to link the appellant with the commission of the burglary, and was sufficient to support the verdict of the jury. This assignment of error is without merit. See, *Smith v. State*, 599 P.2d 413 (Okl.Cr.1979), and *Geikaunmah v. State*, 572 P.2d 300 (Okl.Cr.1977).

■ As a second and final assignment of error the defendant asserts that the trial court committed error in allowing into evidence State's Exhibit Number Four (4), consisting of a prison photograph of the defendant, fingerprints of the defendant, a certificate of the Oklahoma Department of Corrections, and a certified copy of the judgment and sentence, as said exhibit was reflective on the pardon and parole system and tended to prejudice the jury against the defendant. The record reveals that when the defense counsel objected to the "Pen Packet" at trial, the court held a conference at the bench, outside the hearing of the jury, and removed everything except the judgment and sentence, the certification of the Director of the Department of Corrections, the Certification of the State of Oklahoma and the fingerprints from the packet.[1]

---

1. The record reveals the following colloquy:

THE COURT: All right. Very quickly, just make your objections now.

MR. VAN WAGNER: The Defendant objects to State's Exhibit Number 4, which consists of a so-called Pen Packet, for the reasons that it shows a picture of the Defendant, apparently in jail or in prison, showing a fingerprint card. It shows a parole date had October 5 of '79, about six months after he was sentenced. It shows Judgment and Sentence on exceleration of a deferred sentence. We think that all of these documents together are prejudicial, they tend to show that he is in jail, that he was paroled within a few months after he was incarcerated and would lead the Jury to believe that he may be paroled a few months after he gets some term from the Jury and that the Jury ought to increase the punishment, when in fact there is no way to predict when a guy might get paroled and this Jury might try to increase punishment to try to compensate for some unknown factor, as to when he might get paroled. We think the only pertinent thing to prove conviction would be a Judgment and Sentence and not the rest of these documents.

THE COURT: That is a bad picture.

MR. THOMPSON: That is the one they sent us.

THE COURT: The Court will rule that under the laws of the State of Oklahoma this packet is admissible. However, I think the cover letter should be stricken. I don't know why that is, except there are cases that hold that they should be stricken. I think the Certificate of Parole will be stricken upon Counsel's request, although it is a two edge sword, it shows he has been in the penitentiary, which they know, but it also shows he was a good prisoner. But,

In *Walls v. State*, 491 P.2d 320 (Okl.Cr. 1971), this Court did not find that the trial court erred when the State introduced a copy of the judgment and sentence from the penitentiary, nor photographs of the defendant, to prove that he was one and the same person. Also see, *Farrar v. State,* 505 P.2d 1355 (Okl.Cr.1973). Nor does it appear that the trial court admitted evidence of the defendant's *actual prison record* (emphasis added), as was condemned in *Bean v. State*, 392 P.2d 753 (Okl.Cr.1964), a case relied upon by the defendant.

We are of the opinion that the trial court properly limited the items admissible in the "Pen Packet" and the defendant has failed to demonstrate that the admission of such evidence constituted a reflection on the pardon and parole system that tended to prejudice the jury against him.

For all the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

I think that this Certificate of Parole will be stricken and that will leave the Judgment and Sentence and it will leave the Certification of the Director and the Certification of the State

(Thereupon, the Court removed said documents from said Exhibit.)