Kenneth GEIMAUSADDLE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–402.

Court of Criminal Appeals of Oklahoma.

May 8, 1986.

James T. Rowan, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Kenneth Geimausaddle, was convicted in the District Court of Oklahoma County, Case No. CRF–83-4909, on the charge of Burglary in the First Degree After Former Conviction of a Felony, was sentenced to twelve years' imprisonment, and he appeals.

Darlene Griffin testified that on September 24, 1983, at about 10:30 p.m., while watching television in an upstairs bedroom of her home, she saw a head intrude through the bedroom door. Calling out the names of her children and receiving a brief response in an unfamiliar voice, she went to the bedroom door, opened it, saw a strange man descending the stairs, pursued him, got a look at his face in a well-lighted area when he glanced back, but lost him when she tripped and fell. Mrs. Griffin then called the police who arrived in less than three minutes, and gave them a general description of the appellant who was apprehended within five or six minutes by one of the officers. During the trial, Mrs. Griffin positively identified him as the intruder.

Officer Sandra Stensaas testified that she stopped the appellant within two blocks of the victim's house carrying an ice chest. When she attempted to question him, he kept walking away, and when he finally came to her car, he did not get into the back seat as she instructed him to do, but sat the ice chest on the trunk of the car, reached in, took hold of a butcher knife, and keeping it hidden, told her to come

over to him, he had something which was "really going to surprise" her. When she observed the knife, she drew her revolver, ordered him to back away from the knife and ice chest, and to lay down over the back of the scout car. When he complied, she handcuffed him, searched him, advised him of his rights and questioned him concerning the items in the ice chest. He said they were his. Officer Stensaas then transported him to the victim's home where Mrs. Griffin stated that he looked like the burglar, but she could not make a positive identification. She did identify the property as being hers.

For his first assignment of error, the appellant argues that the trial court should have *sua sponte* instructed the jury on the dangers of eyewitness identification. In *King v. State*, 640 P.2d 983 (Okl.Cr. 1982) (*cert. denied*, 456 U.S. 1011 (1982) we stated the long standing rule that to preserve an issue for appellate review defense counsel must enter an objection at trial and submit a requested instruction in writing, otherwise the matter is waived. Furthermore, the evidence was sufficient to convict the appellant without eyewitness testimony. The appellant was found to be in possession of property stolen in a burglary, fit the description given the officers, and was arrested within two blocks of the house burglarized and within ten minutes of the time of the crime. See, *Geikaunmah v. State*, 572 P.2d 300 (Okl.Cr.1977), and *Childress v. State*, 572 P.2d 989 (Okl.Cr.1977). The absence of the instruction clearly did not result in a substantial violation of the appellant's rights. This assignment of error is without merit.

For his second assignment of error, the appellant argues that the trial court should have declared a mistrial when the witness, Stensaas, testified without objection that the appellant attempted to kill her with a butcher knife. This assignment must fail for we have repeatedly held that where, as in the instant case, no objection was made to the alleged evidentiary harpoon, but the issue is raised for the first time on appeal, the error has not been preserved for review on appeal. See, *Hall v. State*, 559 P.2d 856 (Okl.Cr.1977). This assignment of error is also without merit.

Finding no error which would justify modification or reversal, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.