**Donald Dan MORRIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–703.**

Court of Criminal Appeals of Oklahoma.

March 9, 1976.

Kenn Bradley, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant, Donald Dan Morris, hereinafter referred to as defendant, was charged, tried before a jury and convicted of Burglary in the Second Degree After Former Conviction of a Felony in the District Court of Tulsa County, Case No. CRF–74–1079. Punishment was assessed at a term of ten (10) years in the custody and control of the Oklahoma State Department of Corrections. From said judgment and sentence rendered on the 30th day of October, 1974, no regular appeal was taken. An application for post conviction relief was subsequently filed. Relief was denied by the trial court, and this Court, after reviewing the record and the trial court's finding that the failure to perfect the regular appeal was no fault of the defendant, subsequently granted this appeal out of time.

The record before the Court in this appeal consists merely of the petition in error, designation of record, two instructions and the order of the trial court denying defendant's last request for post conviction relief.

The defendant's first two assignments of error contend that the burglary instruction given by the trial court was broader than the information under which the defendant was charged and that the trial court committed further error in refusing to give an instruction on the lesser included offense of breaking and entering. As stated above, there is essentially no record before this Court and there is no transcript of the evidence presented at trial. Therefore, this Court is unable to review the evidence or to determine if any requested instructions were filed or objec-

tions made. An examination of the instruction complained of reveals that the instruction was simply a restatement of the statute under which the defendant was charged and was not erroneous on its face. With no evidence or record to review, this Court cannot say that the trial court erred in giving the instruction complained of or in failing to instruct on the lesser included offense. For the reasons set out above it is our opinion that, as presented, the defendant's first and second assignments are without merit.

█ The defendant's last assignment of error urges that 21 O.S.1971, § 1435 is unconstitutional for the reason that it implies that anyone who breaks and enters is guilty of burglary in the second degree. We disagree. Section 1435 reads in pertinent part as follows:

> "Every person who breaks and enters any building or any part of any building, . . . or other structure or erection in which any property is kept, intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

It is obvious from a reading of the statute that in order to be guilty of burglary in the second degree a person must have the requisite "intent to steal (any property) therein or to commit any felony". It is incumbent upon the State to prove the necessary criminal intent either by circumstantial or direct evidence. The statute does not shift the burden of proof to the defendant. With no transcript before us, this Court is unable to determine whether the State presented sufficient evidence to prove the material elements of the crime charged. It is the duty of the defendant to designate the record upon which he intends to appeal. *Henderson v. State*, 95 Okl.Cr. 342, 246 P.2d 393. The defendant's last assignment of error is without merit and the judgment and sentence appealed from is *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.