Michael Charles **LANCASTER,** Appellant,

v.

The **STATE** of Oklahoma.

No. F-76-225.

Court of Criminal Appeals of Oklahoma.

Aug. 16, 1976.

William E. Boswell, Jr., Rambo, Taylor & Boswell, Norman, for appellant.

Larry Derryberry, Atty. Gen., W. Frank Muret, Asst. Atty. Gen., Joe Mark Elkouri, Legal Intern, for appellee.

## OPINION

BLISS, Judge.

The Appellant, Michael Charles Lancaster, hereinafter referred to as the defendant, was charged, tried before a jury and convicted in the District Court of Cleveland County, Case No. CRF–75–278, of the crime of Robbery with Firearms. The jury after due deliberation found the defendant guilty as charged. The trial court, pursuant to defendant's request, set his punishment at not less than fifteen (15) and no more than forty-five (45) years imprisonment under the direction and control of the Department of Corrections of the State of Oklahoma. From said judgment and sentence the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows: The State called Emmett Barnes, who testified that on September 20, 1974, at approximately 7:15 A. M., the defendant knocked on the door of his trailer house near Norman. Barnes answered and the defendant put his foot in the door, kicked it open, pulled a gun and forced his way into the trailer. Barnes testified that upon seeing the weapon he was shocked, scared and in utter disbelief and that the defendant stuck the pistol, which he described as having a 5½ inch long barrel and looking like a .22, in his face and asked where his wife was, to which he replied "asleep". The defendant told him to go to the bedroom where they found Terri Barnes hiding. The defendant then asked for Barnes' car keys and money, both of which were located in Mrs. Barnes' purse in their automobile. Barnes stated the defendant then told them to lie face down on the bed but they refused fearing the defendant would kill them. The defendant once again requested money, to which Mrs. Barnes responded that she might have left the purse in the living room. Having searched the living room for the purse and not finding it, the defendant was advised that the keys and money must be in Mrs. Barnes' purse located in their car which was parked next to their trailer. The defendant then told them to turn and face the wall and they again refused. The defendant then became angry, shouting and waving his gun around, and pushed Mrs. Barnes against the wall. Barnes then testified that his wife, having been able to maneuver around the defendant, jumped on the defendant's back and he grabbed the defendant around the chest pushing him toward the wall. Mrs. Barnes then fell backward onto the floor and the defendant fired the pistol. Mrs. Barnes was shot in the eye. He further testified he ran to the bedroom and

got a sheet and wrapped his wife's head while the defendant stood in the doorway watching. Mrs. Barnes asked if she was going to die and the defendant told her "Lady, if you raise your head again, I'm going to kill you" and then drove off in their automobile.

Terri Barnes then testified, identifying the defendant in court as the man who entered her home and shot her on September 20, 1974. The remainder of her testimony was essentially the same as her husband's. She did state further that she saw the defendant driving their car while she was being transported to a hospital. The State then rested.

The defense presented no evidence and rested. After the jury returned a verdict of guilty the defendant requested that the trial court assess punishment. Punishment was assessed as set out above.

The defendant's first assignment of error urges that the trial court erred in refusing to give defendant's requested instruction concerning the unauthorized use of a motor vehicle for the reason that the testimony adduced at trial clearly shows that the defendant did not take anything of value from the possession or immediate presence of Mr. or Mrs. Barnes.

The relevant statute, 21 O.S.1971, § 791, reads as follows:

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

In *Fields v. State*, Okl.Cr., 364 P.2d 723, this Court held that in order for there to be a taking from the immediate presence of a victim it is not necessary that the victim see or hear the taking of the property. It is sufficient if it is shown that the property was so under the control of the victim that violence or putting in fear was the means used whereby the robber took the property. See also *Braley v. State*, 54 Okl.Cr., 219, 18 P.2d 281.

■ In the instant case the uncontroverted evidence reveals that the defendant forced his way into the home of the victims with a pistol, that because of the fear generated by the pistol in the hand of the defendant the victims were forced to tell the defendant where their money and car keys were, and that after acquiring that information the defendant took the money and the defendant's vehicle which was parked within the curtilage of the premises where the victims lived. There was no evidence presented by the State or the defense which tended in any way to prove that the information was not obtained through the use of force and fear on the part of the defendant. In *Groom v. State*, Okl.Cr., 419 P.2d 286, this Court held that it is not error for the trial court to refuse to give a requested instruction in the absence of any substantial evidence to support the giving of same.

■ It should also be noted that the record designated by the defendant and presented to this Court on appeal does not contain the instructions submitted by the trial court, only the requested instruction. In *Fletcher v. State*, Okl.Cr., 364 P.2d 713, this Court, as in numerous cases, held that all instructions given by the trial court should be considered together when an issue is raised concerning the instructions and will not reverse the case on appeal based upon the record before it. See also *Morris v. State*, Okl.Cr., 547 P.2d 386. Therefore, for both reasons set out above, it is our opinion that the defendant's first assignment of error is without merit.

■ The defendant's second assignment of error contends that the trial court erred in permitting evidence of the shooting of Terri Barnes without instructing the jury as to the purpose of its admission. Again we must disagree. The record reveals that prior to the submission of the case to the jury the trial court properly admonished the jury as follows:

"THE COURT: When you retire, the Court will send this white sheet with

you for your verdict. You have a copy of that also attached to your Instructions. But, before I read the written Instructions, I want to give you one oral admonition; there has been some evidence come out in the course of the trial on a shooting, and I would remind you that the Defendant is not charged with shooting anyone in this case. He is only charged with the offense of Robbery with Firearms, and, while that evidence was properly admitted during the course of the trial in showing the totality of the circumstances in which the armed robbery occurred, if there was an armed robbery, it is not admitted, and you should not permit yourself to become impatient or influenced against anyone accused of the armed robbery because of the evidence that was introduced in connection with that shooting. It just came in as part of the total evidence surrounding the happening of this event."

■ In *Schneider v. State,* Okl.Cr., 501 P.2d 868, this Court, citing *King v. State,* Okl.Cr., 456 P.2d 121, held that when a defendant is charged with a robbery with firearms where a material element of the crime is force or fear, the shooting of a victim is significantly material in proving that element of the crime, and it is not inadmissible merely because it may prove the defendant guilty of another crime. Therefore, for both reasons set out above the defendant's second assignment of error is without merit.

The defendant's last assignment of error contends that the prosecuting attorney committed error in arguing law in the presence of the jury. In support of his contention the defendant cites the following colloquy:

"MR. BOSWELL: To which we renew our objection again, and, at, this time, Your Honor, because it is repetitious, and we would respectfully ask the Court, if we may have, for the pur-

pose of this record, a continuing objection to this line of questioning.

"THE COURT: Ladies and gentlement of the Jury, it is a poor form to offer repetitively the same things, especially when it is of a highly prejudicial nature as this is, inflamatory and prejudicial, so please disregard all of the statements of the witnesses in response to the questions of counsel except that the witness looked over and saw blood on his wife's head following a shot. That is all that is important to this robbery case.

"MR. CAIN: Your Honor, I have some authority just for the record . . .

"THE COURT: I haven't invited any argument, and you haven't requested any and been granted permission.

"MR. CAIN: Your Honor, the State of Oklahoma . . . Comes now the State of Oklahoma, and requests that evidence pertaining to this incident be allowed, because of the fact of Schneider versus State, 501 Pacific Second, 868, wherein the Court of Criminal Appeals said: 'Certainly a Robbery with Firearm . . .'

"THE COURT: Do you want a mistrial?

"MR. CAIN: No, Your Honor.

"THE COURT: Well, you are working real hard for one, and, if we have a mistrial, it is going to be at some person's expense.

"MR. CAIN: Yes, Your Honor.

"MR. BOSWELL: May it please the Court, I have to, at this time, for the purposes of the record, enter an objection to the Counsel for the State reading the law to this Court in the presence of the Jury.

"THE COURT: Sustained, and counsel is admonished not to ever do that again—Ever."

■ From the above it is quite apparent that the trial court severely admonished the prosecuting attorney and that, although

the prosecuting attorney attempted to argue law in the presence of the jury, no law was in fact argued. In *Matthews v. State*, Okl.Cr., 530 P.2d 1044, this Court held that a trial court's admonition to the jury not to consider the remarks of counsel usually cures an error unless it is of such a nature that, after considering the evidence, the error appears to have determined the verdict. The error complained of could not by any stretch of the imagination determine the verdict in the instant case. Therefore the defendant's last assignment of error is without merit.

From an examination of the record presented as a whole it is the opinion of this Court that the defendant received a fair and impartial trial before a jury, that no material right of the defendant was prejudiced and that the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.