**In the Matter of A. L. C., a child under the age of 18 years.**

**No. J–77–191.**

Court of Criminal Appeals of Oklahoma.

May 18, 1977.

John T. Elliott, Public Defender, Oklahoma County, Major R. Wilson, Asst. Public Defender, Oklahoma City, for appellant.

Andrew M. Coats, Oklahoma County, Dist. Atty., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, A. L. C., previously adjudged a Delinquent and placed on probation, had his probation revoked in a redispositional hearing in the District Court, Juvenile Division, Oklahoma County, Oklahoma, in Case No. JF–76–257, and was remanded to the custody of the Department of Institutions, Social and Rehabilitative Services. He has perfected this timely appeal.

Appellant's probation was revoked on a charge of Burglary in the Second Degree. An agreed stipulation of facts shows that Daniel Night, chief of maintenance of an Oklahoma City apartment complex, testified that on November 17, 1976, the tenant in apartment 3245 N. Jordan was in the process of moving out and still had property inside the apartment. Night said he noticed a window was broken out and he heard voices from inside the apartment. Although he didn't see the appellant he testified he recognized his voice from many conversations he had had with him regarding previous breakins. He said that when the appellant refused him entrance into the

apartment he left to get his master key and to call the police. When he returned he said the appellant and others were in the vicinity of the apartment, but outside of it. He said he had not given the appellant permission to enter the apartment and was not sure but thought the tenant had turned in the key to the apartment.

As assignments of error the appellant challenges the sufficiency of the evidence by arguing that the State failed to show the alleged breaking and entering occurred without consent of the tenant, failed to show the appellant intended to commit a felony, and contends that the identification of the appellant was faulty.

There was no evidence presented by the vacating tenant and no evidence that anything was missing from the apartment.

In *Morris v. State,* Okl.Cr., 547 P.2d 386 (1976) this Court said:

"It is incumbent upon the State to prove the necessary criminal intent either by circumstantial or direct evidence."

This Court finds this element totally lacking in the case at bar. There was no testimony from the person in control of the premises—apparently still the tenant as he had property inside the apartment and was in the process of vacating—that he had not given the appellant permission to enter. One might possibly infer an unauthorized breaking and entering from the broken window but there was no testimony as to how long the window had been broken, and again no testimony from the tenant of the apartment regarding the broken window.

In light of the above, we REVERSE AND REMAND this case for a new redispositional hearing not inconsistent with this opinion.

BLISS and BRETT, JJ., concur.