Leon Vernon LOWE, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–576.

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1983.

Sylvia Marks-Barnett, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., John D. Rothman, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Leon Vernon Lowe, Jr., was convicted of Burglary in the Second Degree, After Former Conviction of Felonies in Oklahoma County District Court. He received a sentence of ninety-nine (99) years'.

Appellant and his younger brother, Kenneth Lowe, were found on the evening of January 1, 1982, hiding on the shelves in the parts department of Arthur Harris Ford in Midwest City. The store was not open for business at that time. They were located by dogs in the accompany of police officers who entered the store upon seeing two intruders within it. Kenneth Lowe had wire snippers in his back pocket. Otherwise, neither intruder was in the possession of any of the store's property.

▮▮ Appellant first asserts that the State failed to prove that he had the intent to steal property or to commit a felony inside the building. We have held on numerous occasions such intent is an element of burglary in the second degree. *See e.g., Morris v. State,* 547 P.2d 386 (Okl.Cr.1976). We have also held that this element may be proved by circumstantial evidence. *Id.* Such an intent may be presumed from evidence that the accused broke into and entered the premises during the nighttime. *Lyons v. State,* 516 P.2d 283 (Okl.Cr.1973).

▮▮ In the case at hand, the evidence showed that a window had been broken on an exterior door. Two interior doors were also broken. The hinges of the store's safe were broken off and it's door was partially pried off. We think there was sufficient evidence from which the jury could discern an intent to steal. The jury did not have to accept Kenneth's testimony that appellant only entered the building to persuade him to not burglarize the store. This assignment of error must fail.

▮▮ Next, appellant claims that his sentence of ninety-nine (99) years is excessive and resulted from prejudice the prosecutor generated by making improper remarks during closing arguments. The prosecution made numerous remarks in the same vein as:

> [The] citizens of Oklahoma County cannot risk the presence of Leon Vernon Lowe on the streets of our county, in our cities, preying on our property, burglarizing our buildings, and stealing from us. Stealing property and the labor of other people and causing you to pay.
>
> ... But I think you have no choice now but to do the duty that you pledged, the duty you've already done, and find this man guilty of all three of these crimes and then assess him one hundred years in the state penitentiary.
>
> . . . .
>
> I don't want to have to be here next year or the year after that facing another jury with the same defendant. . . . And he will continue to do this.

The prosecutor by these arguments injected issues broader than the proper penalty for the offense. Directly and indirectly the prosecutor asked the jury to consider the tax burden they suffered by prosecuting appellant, and the probability of the future prosecution. Moreover, the prosecutor suggested that if appellant was not imprisoned for his life, he would again commit burglary. The prosecutor told the jury they had a duty to sentence appellant to one hundred years in prison. Prosecutors should also refrain from making predictions of the consequences of the jury's verdict. See *Ray v. State,* 510 P.2d 1395, 1401 (Okl.Cr.1973), wherein we adopted the American Bar Association's Standards for Criminal Justice.

▮▮ Defense counsel failed to object to the numerous prejudicial remarks of the prosecutor. However, we have previously held that this failure does not prevent this Court's correction of the error created when its effect is so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings. *Cobbs v. State,* 629 P.2d 368 (Okl.Cr.1981). Upon a consid-

eration of the circumstances of the offense and effect of the prosecutor's remarks, we find it appropriate to modify appellant's penalty from ninety-nine (99) to forty-five (45) years' imprisonment.

We find it unnecessary to reach appellant's third assignment of error, ineffective assistance of counsel.

For the above reasons, we MODIFY appellant's sentence to forty-five (45) years' imprisonment and AFFIRM as MODIFIED.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.