F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT HERSHAL PERKIS,

　　　　Petitioner - Appellant,

　　v.

MARTY SIRMONS, Warden; DREW
EDMONDSON, Attorney General of the
State of Oklahoma,

　　　　Respondents - Appellees.

No. 06-6147
(D. Ct. No. 05-CV-1143-M)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Robert Hershal Perkis, an Oklahoma prisoner appearing pro se, seeks a certificate of appealability ("COA") in order to challenge the District Court's denial of his 28 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 habeas petition. Mr. Perkis also seeks to proceed *in forma pauperis*. Because Mr. Perkis has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY a COA and DISMISS his appeal. We GRANT Mr. Perkis's application to proceed *in forma pauperis*.

## I. BACKGROUND

In 2001, Mr. Perkis and two others drove to a rural residence in Caddo County, Oklahoma and asked the owner of the house if they could use the owner's shooting range. The owner accompanied Mr. Perkis and the others to the range, which was approximately 200 yards from the house. Once there, Mr. Perkis hit the owner in the face with a sharp object, knocking him out. When the owner awoke, Mr. Perkis was taping his arms to his body. Mr. Perkis and one of the individuals then went to the house and took the owner's personal property. The third individual stood over the owner and used a hammer in an intimidating manner to keep him from moving.

Subsequently, Mr. Perkis was charged in a three-count indictment for robbery with a dangerous weapon, kidnaping, and first degree burglary. He pleaded nolo contendere to all three counts, and the state court sentenced him to serve 25 years' imprisonment on Count One, 10 years on Count Two, and 20 years on Count Three, to be served consecutively. The court also fined him $1000 for each count of conviction and ordered him to pay, jointly and severally with his two co-defendants, $3436.47 in restitution to the victim. Mr. Perkis moved to withdraw his pleas, and the state court denied the motion. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the

robbery conviction, reversed the kidnaping conviction, and reduced the burglary conviction to second degree burglary, with a sentence of 7 years. Mr. Perkis then sought federal habeas relief in the District Court, in which he merely adopted and incorporated by reference all but one of the claims for relief he urged in his direct appeal to the OCCA.

The District Court denied Mr. Perkis's habeas petition, but did not act on the issue of a COA. Pursuant to Tenth Circuit Rule 22.1(c), the COA is deemed denied by the District Court. Mr. Perkis filed an application for COA with this Court. He essentially renews the claims made before the District Court with the addition of one new claim. He asserts that: (1) the state trial court accepted his nolo contendere plea to the robbery count unsupported by a sufficient factual basis, in violation of his Fourteenth Amendment due process rights; (2) the sentence for the robbery count is excessive and violates his Fourteenth Amendment due process rights; (3) his nolo contendere pleas are invalid because the state trial court failed to advise him of the consequences of his plea, in violation of his Fourteenth Amendment due process rights; and (4) he received ineffective assistance of counsel in entering his nolo contendere plea and later attempting to withdraw it, in violation of his Sixth Amendment right to counsel.[1]

He also asserts that he was subjected to double punishment in violation of the

---

[1] Mr. Perkis also asserts these claims constitute violations of his Fourteenth Amendment equal protection rights. Because Mr. Perkis proffers no facts and cites no legal authority to support a conclusion that he was treated differently from other similarly situated persons, a threshold requirement to show a constitutional equal protection violation, there is no such cognizable claim.

Double Jeopardy Clause of the Fifth Amendment by the assessment of a fine and of restitution under two separate Oklahoma statutes. He did not raise this argument in his original habeas petition to the District Court. As such, this claim is waived. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005). In addition, Mr. Perkis includes in his summary of arguments to this Court the claim that he should be allowed to withdraw his nolo contendere plea to Count Three for first degree burglary. However, he later "stipulates" that the OCCA already "granted relief on this issue," and advances no further arguments or discussion to support this claim. We therefore understand Mr. Perkis not to raise the argument before this Court.

## II. DISCUSSION

A. Standard of Review

The denial of a state prisoner's petition for federal habeas relief pursuant to 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the necessary showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (alteration and internal quotation marks omitted). Where the petitioner's federal habeas claims were adjudicated on the merits in state court

- 4 -

proceedings, the Antiterrorism and Effective Death Penalty Act ("AEDPA") dictates that a court may grant a habeas petition only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We incorporate this AEDPA deference to state court decisions into our COA analysis, and thus, when evaluating claims addressed by a state court on the merits, we cannot grant a COA unless we find that "reasonable jurists could debate whether the [state court's] decision was not merely wrong, but *unreasonable*, either as a determination of fact or as an application of clearly established federal law." *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004).

B. Claims

Mr. Perkis raises two claims respecting his conviction and sentence for robbery with a dangerous weapon. First he contends that there was an insufficient factual basis to support his nolo contendere plea because there was no evidence on the element of the crime requiring that the defendant take personal property from the person or "from the immediate presence" of the person. *See Lancaster v. State*, 554 P.2d 32, 34 (Ok. Crim. 1976). As an initial matter, unless a defendant claims factual innocence while pleading guilty, there is no federal constitutional requirement for the district court to ascertain a factual basis for the plea. *See Berget v. Gibson*, 1999 WL 586986 (10th Cir. 1999) (unpublished) (citing *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971)). In any event, the OCCA rejected this argument, finding that there were sufficient facts to satisfy

- 5 -

that element of the crime. In so finding, the court interpreted Oklahoma case law and the Oklahoma statute, and held that Mr. Perkis's exercise of "force and fear" over the victim "in order to accomplish the theft of personal property" fulfilled the presence requirement. We defer to state courts on the interpretation of state law. *Burleson v. Saffle*, 278 F.3d 1136, 1144 (10th Cir. 2002). Mr. Perkis has not shown that reasonable jurists could debate whether there was an "unreasonable" determination of the facts in light of the evidence. *See* § 2254(d).

Next, Mr. Perkis asserts that because the evidence is insufficient to support the robbery charge, the sentence for that count is excessive. Mr. Perkis's failure on his first claim precludes success on this claim. The trial court sentenced Mr. Perkis within the statutory range for the crime of robbery with a dangerous weapon. "We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." *See Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000).

Mr. Perkis also argues that his nolo contendere pleas are invalid because he was not informed that his sentences could be consecutive or that he would be ineligible for parole prior to serving 85% of his sentence on Count One. To satisfy due process, a guilty plea must be knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). To enter a plea that is knowing and voluntary, the defendant must have a "full understanding of what the plea connotes and of its consequence." *Id.* at 244. "The

defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). Both parole eligibility and the possibility that sentences may be imposed consecutively—as opposed to concurrently—are collateral consequences of a plea and therefore a state court's failure to inform the defendant of these consequences does not render a guilty plea unknowing or involuntary. *See Hill v. Lockhart*, 474 U.S. 52, 55 (1985) (court's failure to inform defendant at plea hearing of his parole eligibility does not offend a federal constitutional right); *Hurlich*, 293 F.3d at 1231 (consecutive sentence is a collateral consequence of a guilty plea). As such, Mr. Perkis has failed to show that reasonable jurists could debate whether the state court's determination that Mr. Perkis's guilty plea was knowingly and voluntarily made was unreasonable.

Finally, Mr. Perkis reasserts the ineffective assistance of counsel claims initially raised before the OCCA and the District Court. He essentially claims that his counsel was ineffective for failing to raise those issues already discussed herein. Mr. Perkis also alleges numerous additional claims of ineffective assistance that he did not include in his original habeas petition, but which can be found in his objections and response to the magistrate's recommended decision and order to the District Court. With respect to those arguments properly raised in his original habeas petition, we deny a COA for substantially the same reasons supplied by the District Court. Those claims the defendant failed to properly raise are waived. *See Marshall v. Chater*, 75 F.3d 142, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's

recommendation are deemed waived.").  Even so, we have closely examined each alleged ineffective assistance claim and find that they do not constitute a basis for relief.

### III.  CONCLUSION

Having carefully reviewed the magistrate judge's report, the OCCA's opinion, the record, and Mr. Perkis's claims on appeal, we conclude that reasonable jurists would not find the resolution of the claims he has presented constitutionally debatable. Accordingly, we DENY Mr. Perkis's application for a COA, GRANT his application to proceed *in forma pauperis*, and DISMISS his appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge