FILED
United States Court of Appeals
Tenth Circuit

December 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MILTON A. DEWBERRY,

    Petitioner - Appellant,

v.

ROBERT PATTON, Director,

    Respondent - Appellee.

No. 16-6178
(D.C. No. 5:15-CV-00980-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Milton Dewberry, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 petition.  We deny a COA and dismiss the appeal.

**I**

Dewberry was convicted of second degree burglary and possession of burglar's

implements following a jury trial in Oklahoma state court.  He was sentenced to 29

years' imprisonment for the burglary conviction and one year for the misdemeanor

possession charge, to run concurrently.  Dewberry appealed his conviction and

sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), asserting nine

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grounds for relief. The OCCA affirmed. Dewberry subsequently filed a 28 U.S.C. § 2254 petition in the district court, asserting only two grounds for relief: (1) the trial court violated his due process rights by failing to instruct the jury on the lesser included offense of breaking and entering; and (2) the evidence was insufficient to support a guilty verdict on the burglary charge. The district court denied relief on the merits and declined to grant a COA. Dewberry now seeks a COA from this court.

## II

A petitioner may not appeal a district court order denying federal habeas relief without a COA. § 2253(c)(1). We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To meet this standard, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a claim was adjudicated on the merits in state court, habeas relief will be granted only if the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts." § 2254(d).

## A

Dewberry argues that the trial court violated his due process rights by failing to instruct the jury on the lesser included offense of breaking and entering. However, there is no federal constitutional right to a lesser included offense instruction in a non-capital case. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). This circuit applies a rule of "automatic non-reviewability" to "claims based on a state court's

failure, in a non-capital case, to give a lesser included offense instruction." Id.
Dewberry has thus failed to assert a cognizable claim for habeas relief on this basis.

**B**

In his second claim for relief, Dewberry asserts that the evidence presented at trial was insufficient to support his conviction on the second degree burglary charge. In reviewing this claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

Dewberry only challenges the state's proof on the final element of the charge: intent to steal or commit a felony.[1] Under Oklahoma law, such intent may be proved by circumstantial evidence, Lowe v. State, 673 P.2d 167, 168 (Okla. Crim. App. 1983), and "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

At trial, the prosecution introduced surveillance footage of the incident. The footage shows Dewberry and his co-defendant unsuccessfully prying on the metal bars surrounding an exterior air conditioning unit of a warehouse. Dewberry's co-defendant is then seen opening the door of the warehouse and proceeding inside, followed shortly after by Dewberry. Both men were in the warehouse for only a few moments before leaving, empty-handed.

---

[1] The elements of second degree burglary in Oklahoma are: (1) breaking; (2) entering; (3) a building; (4) in which property is kept; (5) with the intent to steal or commit any felony. Okla. Stat. tit. 21, § 1435.

The owner of the warehouse testified at trial that when the warehouse door is opened, it triggers an alarm system that makes a loud beeping noise for approximately twenty to thirty seconds, followed by the alarm itself. The owner also testified that although there was no indication anything had been moved or taken from the warehouse, the warehouse primarily contained large janitorial equipment that would have been difficult to move. One of the police officers who responded to the alarm also testified at trial. He stated that the only likely reason someone would pry on the metal bars on the exterior of the building would be to gain access to what they contained—the air conditioning unit. He further testified that an individual might steal an air conditioner for the copper inside.

On direct appeal, the OCCA concluded that the evidence presented at trial "supported the finding that Dewberry entered the warehouse with the intent to steal property from inside." It determined that "[t]he video showing Dewberry's attempt to steal the air conditioner was . . . relevant circumstantial evidence of his continued intent to do the same once inside the building." In addition, "[t]he fact that [Dewberry] left empty handed did not diminish the inference of his intent to commit larceny as the equipment inside was too large and heavy to be moved easily and the alarm sounded shortly after he entered."

Dewberry fails to rebut the correctness of the OCCA's factual findings. 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness [of the state court's factual findings] by clear and convincing evidence."). In his application for a COA, Dewberry directly challenges

4

only the OCCA's factual finding that he pried on the metal bars surrounding the exterior of the air conditioning unit, but that finding is reasonably supported by the surveillance video. Moreover, these facts are sufficient circumstantial evidence from which a rational juror could conclude that Dewberry broke into the warehouse with the intent to steal property inside. See Dockins, 374 F.3d at 939-40 (applying deference under Antiterrorism and Effective Death Penalty Act to deny COA on sufficiency of evidence claim, where intent to steal was demonstrated by fact that petitioner entered victim's home by breaking rear window and attempted to flee from police). Accordingly, we conclude the district court's denial of habeas relief is not debatable.

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Dewberry's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge